[No. C024461. Third Dist. Nov. 25, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY KLOCKMAN, Defendant and Appellant.

## COUNSEL

Francine R. Adkins Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Carlos Martinez and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RAYE, J.**—Defendant pleaded guilty to two counts of having committed a lewd act upon a child under the age of fourteen. (Pen. Code, § 288, subd. (a); further references to sections of an undesignated code are to the Penal Code.) The Placer County Superior Court imposed six-year terms on each count with the terms to run concurrently. The court also imposed a consecutive eight-month term (one-third the midterm) for an unlawful sexual intercourse with a minor conviction (§ 261.5) for which defendant was on probation in El Dorado County. The court ordered defendant to pay $500 in attorney fees.

On appeal, defendant contends: (1) the Placer County court had no jurisdiction to revoke probation and impose a sentence on a charge pending in El Dorado County; and (2) the order to pay attorney fees was unauthorized because there was no notice, hearing, nor a determination of actual costs or of an ability to pay the fees.

### FACTS

Because of the nature of the issues raised by defendant, an account of the facts underlying his convictions is unnecessary. The pertinent facts derive from the procedural history of this case.

Following a guilty plea to one count of unlawful sexual intercourse with a minor (§ 261.5), the El Dorado Superior Court suspended imposition of

sentence and placed defendant on probation for five years on January 12, 1996. On April 24, 1996, defendant pleaded guilty to two counts of section 288, subdivision (a) as described above in the Placer County Superior Court. On June 10, 1996, in addition to the terms imposed for the Placer County convictions, the court purported to revoke defendant's El Dorado County probation and sentenced defendant to an eight-month term to be served consecutively.[1] Neither defendant nor his trial counsel objected to the revocation of his El Dorado County probation by the Placer County court.[2]

---

[1]The El Dorado county sentencing order stated that if defendant were sentenced to state prison he would receive the midterm of two years for his section 261.5 conviction.

[2]There is nothing in the record to show that defendant's probation officer has reported his current prison commitment to the El Dorado Superior Court pursuant to section 1203.2a, which provides in relevant part as follows:

"If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

". . . . . . . . . . . . . . . . . . . . . . . .

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

Defense counsel informed the court that he had spent 55 hours on the case. The court said it "would be willing to reduce the 55 hours down to an order of $500 in attorney fees" and asked if defendant would be willing to accept that and waive a hearing. Defense counsel replied "Yes."

## DISCUSSION

## I

■ Defendant contends the Placer County court had no jurisdiction to revoke his probation and impose a sentence for a charge pending in El Dorado County. We agree.

Although section 1203.2a has been criticized as poorly drafted (see *People v. Holt* (1991) 226 Cal.App.3d 962, 965 [277 Cal.Rptr. 323]), this much is clear: [W]hen a probationer commits another crime, "the court which released him or her on probation shall have jurisdiction to impose sentence[.]" (§ 1203.2a.) The court that placed a defendant on probation generally is also the court with the authority to revoke probation: "Upon its own motion or upon the petition of the probationer, probation officer or the district attorney of the county in which the probation is supervised, the court may modify, revoke, or terminate the probation of the probationer pursuant to this subdivision." (§ 1203.2, subd. (b).) In this case, it is uncontroverted that the county in which defendant's probation was being supervised was El Dorado. The El Dorado Superior Court was also the court that released him on probation.

■ Our Supreme Court has recently written that section 1203.2a provides for three distinct jurisdictional clocks: "(1) [T]he probation officer has 30 days from the receipt of written notice of defendant's subsequent commitment within which to notify the probation-granting court (2d par.); (2) the court has 30 days from the receipt of a valid, formal request from defendant within which to impose sentence, if sentence has not previously been imposed (3d par., 4th sentence); and (3) the court has 60 days from the receipt of notice of the confinement to order execution of sentence (or make other final order) if sentence has previously been imposed (3d par., 3d sentence). Failure to comply with any one of these three time limits divests the court of any remaining jurisdiction. (5th par.)" (*In re Hoddinott* (1996) 12 Cal.4th 992, 999 [50 Cal.Rptr.2d 706, 911 P.2d 1381].)

However, loss of jurisdiction over a convicted felon is a severe sanction which courts have been unwilling to apply unless the sentencing court's jurisdiction has been ousted by strict compliance with section 1203.2a. (*In re*

*Walters* (1995) 39 Cal.App.4th 1546, 1556 [47 Cal.Rptr.2d 279]; *People* v. *Como* (1975) 49 Cal.App.3d 604, 609 [123 Cal.Rptr. 86].) Section 1203.2a is designed to prevent a defendant from inadvertently being denied the benefit of a concurrent sentence pursuant to section 669. (*In re White* (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980].)

 The authorities reviewed above lead us to the inescapable conclusion that the Placer County Superior Court erred by purporting to revoke defendant's El Dorado County probation and impose a sentence. The Attorney General argues that section 1203.2a does not explicitly preclude Placer County's simultaneous concurrent jurisdiction with El Dorado regarding revocation of probation and sentencing. We do not agree.

We note the Attorney General cites us to no authority in support of this argument. Moreover, if we read section 1203.2a to grant concurrent jurisdiction over a probationer simultaneously to both the county that placed him or her on probation and to the county in which probation is violated, we would render section 1203.9 a nullity. Section 1203.9 provides as follows:

"(a) Whenever any person is released upon probation, the case may be transferred to any court of the same rank in any other county in which the person resides permanently, meaning the stated intention to remain for the duration of probation; provided that the court of the receiving county shall first be given an opportunity to determine whether the person does reside in and has stated the intention to remain in that county for the duration of probation. If the court finds that the person does not reside in or has not stated an intention to remain in that county for the duration of probation, it may refuse to accept the transfer. The court and the probation department shall give the matter of investigating those transfers precedence over all actions or proceedings therein, except actions or proceedings to which special precedence is given by law, to the end that all those transfers shall be completed expeditiously.

"(b) If the court of the receiving county finds that the person does permanently reside in or has permanently moved to the county, it may, in its discretion, either accept the entire jurisdiction over the case, or assume supervision of the probationer on a courtesy basis.

"(c) The order of transfer shall contain an order committing the probationer to the care and custody of the probation officer of the receiving county and an order for reimbursement of reasonable costs for processing the transfer to be paid to the sending county in accordance with Section 1203.1b. A copy of the orders and probation reports shall be transmitted to the court

and probation officer of the receiving county within two weeks of the finding by that county that the person does permanently reside in or has permanently moved to that county, and thereafter the receiving court shall have entire jurisdiction over the case, with the like power to again request transfer of the case whenever it seems proper."

Why, if concurrent jurisdiction over defendant's probation existed in both El Dorado and Placer Counties, would the detailed process for the transfer of jurisdiction delineated in section 1203.9 exist? The answer is obvious: Section 1203.9 provides the mechanism for transfer of jurisdiction because jurisdiction rests exclusively in the county in which probation is granted until it is transferred.

Next, the Attorney General argues defendant forfeited his right to raise the error committed by the Placer County Superior Court by failing to object below.[3] We are unpersuaded.

It is true that territorial jurisdiction is the nonfundamental, waivable aspect of jurisdiction. (*People* v. *Remington* (1990) 217 Cal.App.3d 423, 429 [266 Cal.Rptr. 183]; *People* v. *Tabucchi* (1976) 64 Cal.App.3d 133, 141 [134 Cal.Rptr. 245].) However, both *Remington* and *Tabucchi* involved a defendant's failure to object to improper venue. In California, the terms "territorial jurisdiction" and "venue" merge because the basic venue statute for criminal offenses, section 777, places venue in the "jurisdictional territory" where the offense was committed. (*People* v. *Remington, supra*, 217 Cal.App.3d at p. 429, fn. 9.) Therefore, the Attorney General's waiver or forfeiture argument is limited in its application to claims of improper venue.

Although we will vacate the eight-month consecutive term the Placer County court purported to impose for defendant's El Dorado County section 261.5 conviction, defendant is still not free from the possibility of receiving a consecutive term from the El Dorado court. As explained in *In re Hoddinott, supra*, 12 Cal.4th at page 1005, footnote 10, unless the probation officer "has received written notice from the probationer, his or her attorney, or the warden or warden's representative, the statute imposes no mandatory duty to report, and the failure to timely do so does not affect the court's jurisdiction to sentence."

---

[3]Although the Attorney General discusses the issue as one of waiver, which is the intentional relinquishment of a known right, the issue is actually one of forfeiture, i.e., the failure to make the timely assertion of a right. (*People* v. *Saunders* (1993) 5 Cal.4th 580, 590, fn. 6 [20 Cal.Rptr.2d 638, 853 P.2d 1093].)

## II

Defendant contends the trial court ordered him to pay attorney fees without authorization because there was no notice, hearing, nor determination of actual costs or his ability to pay. We do not agree.

The short answer to defendant's complaint of no hearing or factual findings is simply that he waived a hearing following the trial court's offer to limit an attorney fees order to $500. Regarding the asserted lack of notice, defendant cannot raise the issue on appeal because he did not object below. (*People* v. *Whisenand* (1995) 37 Cal.App.4th 1383, 1395 [44 Cal.Rptr.2d 501].)

Defendant's final contention is that his trial counsel was ineffective by waiving a hearing on the attorney fee issue. We do not agree.

One of the many hurdles a claim of ineffective assistance of counsel must clear is a demonstration that the act or omission of counsel cannot be explained on the basis of any reasonable tactic. (*People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Here, the record is clear that defense counsel waived a hearing after the court offered to limit the fee order to $500. The record supports the view that this was a reasonable tactical choice. The probation report states that prior to defendant's incarceration, he earned about $1,600 per month but only had $500 in monthly expenses. This information raises the possibility of savings or other assets which could have been discovered in a hearing and could have justified an award of attorney fees higher than $500. We find no error.

### DISPOSITION

The judgment is modified to vacate the eight-month consecutive term imposed for defendant's El Dorado County section 261.5 conviction. As modified, the judgment is affirmed. The trial court shall prepare a corrected abstract of judgment and send a certified copy of the same to the Department of Corrections.

Sims, Acting P. J., and Nicholson, J., concurred.