Filed 2/17/15  P. v. Taylor CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DIONN NOVELL TAYLOR,<br><br>        Defendant and Appellant. | A142540<br><br>(Solano County<br>Super. Ct. No. FCR300957) |

Appellant Dionn Novell Taylor's probation was revoked, reinstated, and modified following a contested hearing.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the entire record, find no arguable issues, and affirm.

BACKGROUND

In September 2013, appellant pled no contest to threatening a witness.  (Pen. Code, § 140, subd. (a).)[1]  The court suspended imposition of sentence and placed him on

---

[1] All undesignated section references are to the Penal Code.

1

formal probation for three years.  One of the conditions of his probation was that he obey all laws.

Appellant was subsequently rearrested and a revocation hearing was held in May 2014.  Brandee Robinson, appellant's San Francisco probation officer, testified to the following.[2]  On January 2, 2014, Robinson was at a ticket machine at the Civic Center BART station.  Appellant came up from behind her and stood very close to her.  He asked why she had not returned his calls.  Robinson testified appellant had left her a message saying he would report to the office the next day.  Robinson told appellant she had received his message and he should come to her office the next day.

Appellant continued to talk to Robinson, telling her he wanted her to replace his clothes.  Robinson explained at the hearing that when appellant was originally released, probation provided him with a room at a hotel.  In October 2013, Robinson checked this room because he had not been reporting to probation, and discovered the room was empty.  The manager told her appellant had taken his things and left.  As a result, Robinson released the room to be given to someone else.  At the BART station, Robinson again told appellant to come to her office the next day to discuss it.  Appellant continued to demand they talk right away.  Robinson was concerned for her safety because appellant was being "real[ly] aggressive" and the BART station was mostly empty.

Robinson was unable to purchase a ticket at the machines.  She went to a station agent booth but found it empty, so she walked to a second booth.  Appellant followed Robinson as she walked, continuing to be very aggressive, and "every once in [a] while his fist would ball up."  As they walked, appellant told her "he should have followed me all the way home to Oakland.  He should have stalked me."  Robinson understood this to mean "[t]hat he was going to stalk me and follow me home or hurt me in some type of way."

At the second booth, Robinson was told to walk to a third booth about a block away.  Appellant continued to follow her and told her he was following her to show her

---

[2] Robinson was appellant's probation officer in connection with a different case.

2

"he meant business about his clothes." Robinson was finally able to purchase a ticket and entered the turnstiles. Appellant did not follow her through the turnstiles.

Appellant testified at the revocation hearing as follows. He coincidentally ran into Robinson at the BART Station. He approached her to tell her he wanted to talk about his clothes. Robinson encouraged appellant to walk with her so they could discuss the issue. He never threatened her and he left as soon as she purchased her ticket from a BART agent.

The trial court found appellant's conduct constituted stalking in violation of section 646.9, subdivision (a), which violated appellant's probation condition to obey all laws. The trial court reinstated and modified appellant's probation, adding certain new conditions.

## DISCUSSION

Appellant was represented by counsel at the revocation hearing and was afforded the opportunity to present evidence and cross-examine the People's witness. The trial court stated on the record its reasons for revoking probation.

The trial court's finding that appellant's conduct constituted a violation of section 646.9, subdivision (a), was supported by substantial evidence. (§ 646.9, subd. (a) ["Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety . . . is guilty of the crime of stalking . . ."]; *id.,* subd. (e) [" 'harasses' means engages in a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, torments, or terrorizes the person, and that serves no legitimate purpose"]; *id.,* subd. (f) [" 'course of conduct' means two or more acts occurring over a period of time, however short, evidencing a continuity of purpose"]; *id.*, subd. (g) [" 'credible threat' means a verbal or written threat . . . made with the intent to place the person that is the target of the threat in reasonable fear for his or her safety . . . , and made with the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her

3

safety . . . .  It is not necessary to prove that the defendant had the intent to actually carry out the threat."].)

Appellant may not have been residing in Solano County at the time of the revocation hearing, in which case it may have been appropriate to transfer his case to his county of residence pursuant to section 1203.9.  (§ 1203.9, subd. (a)(1) ["whenever a person is released on probation or mandatory supervision, the court, upon noticed motion, shall transfer the case to the superior court in any other county in which the person resides permanently, meaning with the stated intention to remain for the duration of probation or mandatory supervision, unless the transferring court determines that the transfer would be inappropriate and states its reasons on the record"].)  However, any failure to transfer or consider transferring the case did not divest the Solano County Superior Court of jurisdiction.  (*People v. Klockman* (1997) 59 Cal.App.4th 621, 627 ["[s]ection 1203.9 provides the mechanism for transfer of jurisdiction because jurisdiction rests exclusively in the county in which probation is granted until it is transferred"].)

We initially identified an arguable issue with one of the new probation conditions relating to psychotropic medications and ordered supplemental briefing.  Subsequently, however, appellant's probation was revoked for reasons unrelated to this condition— "[f]ailure to report to probation" and "[f]ailure to advise prob[ation] of arrest"—and appellant was sentenced to state prison.[3]  Any challenge to the condition about psychotropic medications is therefore moot.  (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 749, p. 814 ["an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events"].)

---

[3] We take judicial notice of the superior court's records of appellant's December 2014 probation revocation and January 2015 prison sentence.  (*County of Los Angeles v. Glendora Redevelopment Project* (2010) 185 Cal.App.4th 817, 830 [" 'courts have not hesitated to consider postjudgment events when . . . subsequent events have caused issues to become moot' "].)

4

DISPOSITION

The judgment is affirmed.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.