Filed 12/7/15  P. v. Cummings CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY RORY CUMMINGS,<br><br>    Defendant and Appellant. | B261178<br><br>(Los Angeles County<br>Super. Ct. No. BA427802) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and Appellant Anthony Cummings unsuccessfully moved to set aside a sex-registration charge alleged under Penal Code section 290.015, subdivision (a),[1] on the ground that the evidence at the preliminary hearing was insufficient to establish that the Los Angeles County District Attorney had territorial jurisdiction to prosecute the offense. Thereafter, Cummings pled guilty as charged. On appeal, he reiterates the contention he made in the lower court that territorial jurisdiction did not lie in Los Angeles County. We affirm.

## PROCEDURAL BACKGROUND

In August 2014, the Los Angeles County District Attorney filed a felony complaint charging Cummings with failing to register as a sex offender in violation of section 290.015 (a). At the preliminary hearing, the prosecution presented evidence showing Cummings's registerable offense was an August 2009 conviction for lewd acts upon a child under the age of 14 years (§ 288, subd. (a)) in case number TF03544A.[2] Further, the prosecution evidence showed that Cummings was incarcerated on three separate occasions in Los Angeles County during 2014, including an incarceration that lasted from May 15 to July 3, 2014, a period of more than 30 days. We discuss the evidence in more detail below in addressing Cummings's claim of error.

At the end of the preliminary hearing, Cummings's public defender moved to dismiss the complaint on the ground of insufficiency of the evidence, arguing that the People did not prove Cummings resided in California. Counsel argued that Cummings registered in Stockton and was as a transient in Los Angeles, which showed he did not intend to remain a California resident. Further, that because his October 2013 registration form indicated he was from Nebraska, the government should have contacted his family there or in Northern California to determine if he had decided to leave

---

[1]    Hereafter section 290.015(a). Further, all undesignated section references in this opinion are to the Penal Code.

[2]    There are materials in the record stating that case number TF03544A was in "Stockton County." We note that Stockton is, instead, a city in San Joaquin County.

2

California. The trial court found the evidence sufficient to demonstrate the alleged charge, implicitly finding the evidence showing that he had been taken into custody three separate times in Los Angeles between May and July 2014 demonstrated that he was residing in California at that time.

The Los Angeles County District Attorney filed an information charging Cummings with the offense of failing to register as a sex offender in violation of section 290.015(a). The information alleged the offense using the following language: " . . . Cummings, who being a person required to register upon release from incarceration based on a felony conviction and juvenile adjudication and for a second [section] 290 et seq. violation based upon a misdemeanor conviction, did willfully and unlawfully violate the provisions of . . . section 290.015(a) requiring registration within five working days of release from incarceration."

Cummings's public defender filed a written motion to set aside the information pursuant to section 995. In it, he argued that there was no evidence presented at the preliminary hearing showing where Cummings was released from incarceration. Further, the motion argued no evidence suggested he had been released from incarceration in Los Angeles County on parole or probation, as required under section 290.015, subdivision (c). As a result, the Los Angeles County District Attorney's Office did not have jurisdiction to prosecute him for failing to register.

The court denied the motion, expressing a concern about a "run for the border" problem with persons who do not register on being released from incarceration on parole or probation: "There are eight counties that surround Sacramento County. Sutter, Yolo, Solano, Contra Costa, San Joaquin, Madera, El Dorado and Placer. All Mr. Cummings has to do is to hop on his horse and run across the Sacramento County border and he's free as a breeze."

Moments after his 995 motion was denied, Cummings pled guilty to the charged offense under section 290.015(a), and the trial court sentenced him to a term of two years in accord with his plea agreement.

## DISCUSSION

Appellant contends territorial jurisdiction was not proper in Los Angeles County under 290.015, subdivision (c).[3] We disagree.

*Facts*[4]

As noted above, Cummings was convicted of lewd acts with a child under the age of 14 years old (§ 288, subd. (a)) in August 2009 in San Joaquin County, and was sentenced to a three year term in state prison. No one questions that, as a result of his conviction, Cummings was subject to lifetime registration as a sex offender. The record before us on appeal does not show explicitly when or into which county Cummings was released on parole when he left prison.

On October 17, 2013, Cummings registered with the Stockton Police Department as a transient sex offender. Cummings affixed his initials on a Department of Justice standard form used for sex registration, immediately adjacent to the following statements:

> "1. ___ My responsibility to register as a sex offender in California is a lifetime requirement . . . . [¶] 3. ___ I must re-register in person, if I have previously registered, within five (5) working days, after release from incarceration, placement, or commitment that lasted 30 or more days, or within five (5) working days after release on probation. . . . (PC § 290.015) [¶] 7. ___ If I am registered at a residence address and become a transient, I have five (5) working days within which to register as a transient. If I am registered as a transient and move to a residence, I have five (5) working days within which to register in person, with the law enforcement agency having jurisdiction over the new address. (PC § 290.011) [¶] 8. ___ If I have no residence address, I must register in person in the jurisdiction where I am physically present as a transient

---

[3]    Hereafter section 290.015(c).

[4]    Because Cummings pled guilty, the facts stated in this opinion are summarized from the preliminary hearing.

4

within five (5) wording days of becoming transient.  Thereafter, I must update my registration information in person no less than once every 30 days with the law enforcement agency having jurisdiction over the place where I am physically present as a transient on the day I re-register. . . ."

The record is silent as to Cummings's whereabouts between mid-October 2013 and mid-May 2014.

From May 19, 2014 to July 3, 2014, Cummings was incarcerated in Los Angeles County, under booking number 3963422.  He was incarcerated in Los Angeles County again from July 17 to July 25, 2014, under booking number 4034701.

On a date not specifically identifiable from the record, the Los Angeles Police Department's Registration and Enforcement of Sex Offenders unit, or "REACT" unit, became involved with Cummings based upon his failure to register after being released from an incarceration that lasted more than 30 days—the incarceration in Los Angeles County from May 19 to July 3, 2014..  On July 30, 2014, Cummings was arrested for failing to register as a sex offender; this arrest resulted in the filing of his current case. (BA427802.)[5]

*Analysis*

Under section 290, subdivision (b), of the Sex Offender Registration Act (SORA), a person convicted of any one of a number of specified sex crimes is subject to a lifetime duty to register as a sex offender.  Various provisions of the SORA prescribe that a sex offender registrant must register or re-register based on differing triggering events. For example, a registrant must re-register after he or she changes a registered address, when he or she becomes transient, or when he or she changes his or her name. (See §§ 290.011, 290.013, 290.014.)  These registration provisions require a registrant "who is living as a transient" and who physically moves to a different jurisdiction from

---

[5]    Cummings remained incarcerated in Los Angeles County from July 30, 2014 until the date of his preliminary hearing on August 18, 2014.

that whence he or she previously registered, to go to the local police agency in his or her new location and register, and to provide an update registration thereafter once every 30 days, as well as an annual registration. (§ 290.011, subds. (a), (b); and see § 290.012.)

Cummings's current case involves a registrant's duty to register or re-register under section 290.015(a), which provides that "[a] person who is subject to the [SORA] shall register, or re-register if he or she has previously registered, upon release from incarceration, placement, commitment, or release on probation . . . ." This registration requirement does "not apply to a person who is incarcerated for less than 30 days if he or she has registered as required by the Act, he or she returns after incarceration to the last registered address, and the annual update of registration that is required to occur within five working days of his or her birthday, pursuant to subdivision (a) of Section 290.12, did not fall within that incarceration period. . . ."

By its plain language, section 290.015(a) requires a registrant to register or, if he or she previously registered in a particular location to re-register in that location, "upon release from incarceration," except that re-registration is not required if the person was incarcerated for less than 30 days, and returns to a pre-incarceration registration address. The corollary is that a person must register "upon release from incarceration" that lasted 30 or more days, in the location where he or she was released if he or she does not return to a pre-incarceration registration address. It would make no sense to read section 290.015(a) to require a "30-day releasee" who remains in his or her place of release, to re-register in a pre-incarceration registration location. The registration process gives a local police agency a tool for keeping tabs on a sex-offender. That goal is effectuated by requiring registration under section 290.015(a) in the jurisdiction where a releasee stays put. Accordingly, Cummings was required to register in Los Angeles County upon his release from his near two-month incarceration in Los Angeles County from May 19 to July 3, 2014. The evidence at the preliminary hearing supported a conclusion that he did not so register after his release in Los Angeles County.

6

This brings us to the territorial jurisdiction issue. Section 290.015(c) includes a number of territorial jurisdiction rules for a prosecution of a failure to register offense in violation of section 290.015(a), which we set forth below.

The first is section 290.015(c)(1), which provides: "If a person fails to register in accordance with [section 290.015(a)] after release, the district attorney in the jurisdiction where the person *was to be paroled or to be on probation* may request that a warrant be issued for the person's arrest and shall have the authority to prosecute that person pursuant to Section 290.018." (Italics added.) This section does not apply to Cummings because he was not "to be paroled or to be on probation" when he was released on July 3, 2014 from his more than 30-day period of incarceration in Los Angeles County. The language of section 290.015(c)(1) suggests that it applies to a registrant who fails to register initially after being released into a particular jurisdiction, after serving time in prison, subject to parole supervision, or who is released into a particular jurisdiction on probation after a conviction, subject to probation supervision.

The next section is 290.015(c)(2) which states: "If the person *was not on parole or probation . . . at the time of release*, the district attorney in the following applicable jurisdiction[s] shall have the authority to prosecute that person pursuant to Section 290.018: (A) *If the person was previously registered*, in the jurisdiction in which the person last registered. (B) If there is no prior registration, but the person indicated on the Department of Justice notice of sex offender registration requirement form where he or she expected to reside, in the jurisdiction where he or she expected to reside. (C) *If neither subparagraph (A) or (B) applies, in the jurisdiction where the offense subjecting the person to registration pursuant to this Act was committed*." (Italics added.)

Cummings argues territorial jurisdiction was not proper in Los Angeles County under any provision of section 290.015(c)(2). He tells us that when a superior court "lacks jurisdiction, the judgment is void," and he argues that his is such a case. We are not persuaded.

7

First, we reject Cummings reliance on *People v. Klockman* (1997) 59 Cal.App.4th 621. *Klockman* does not deal with the issue of the proper venue or territorial jurisdiction for the prosecution of a charged offense. Rather, *Klockman* deals with one county trial court acting to revoke probation and impose sentence upon a judgment previously entered by a different county trial court. Thus, *Klockman* supports the proposition that one court may not interfere with a judgment rendered by a co-equal court. Cummings's situation involves something completely different. Here, the issue is territorial jurisdiction to prosecute in the first instance, not interference by a superior court in one jurisdiction with a judgment of a superior court of a different jurisdiction.

Second, we reject Cummings's argument which, in essence, asserts that section 290.015(c) disqualified the Los Angeles County District from prosecuting Cummings for his failure to register offense which he committed locally. We find the prosecution in Los Angeles County was proper under section 290.015(c)(2)(C).

When a person fails to effect an initial registration upon being released from incarceration into a particular jurisdiction on parole or probation, it makes sense that the local parole or probation officer would then report the failure to register initially to the district attorney in that location, who can then issue an arrest warrant and commence a prosecution. Thereafter, if the person is taken into custody in a different jurisdiction, he or she can be returned to the initial registration jurisdiction under authority of the arrest warrant, with an ensuing prosecution by the local district attorney.

Here, because there is no evidence Cummings was released on parole or probation when he was released from incarceration in Los Angeles County in July 2014, the legal and practical problem with Cummings's argument for a mutually exclusive prosecution in San Joaquin County is that the San Joaquin County District Attorney would not necessarily be made aware of Cummings's failure to register offense, which, as we explained above, occurred in Los Angeles County. This is so because there would be no parole or probation officer to report the failure to register. Further, the San Joaquin County District Attorney would not have an incentive, and perhaps would not have authority, to prosecute Cummings for a failure to register offense which occurred in Los

8

Angeles County. Finally, it simply makes no sense that public safety officials in Los Angeles County would be required to hold and transfer Cummings to another county for prosecution of his failure to register offense committed in Los Angeles County.

In addition, subdivision (c)(2)(C) would have no applicability *in any case* if 290.015(c)(2) is interpreted in the manner Cummings asserts. In every case, a person has either previously registered or never registered; there is no other status of a person required to register. If he or she can only be prosecuted as under 290.015(c)(2)(A) as having previously registered, and (B) when he or she has never registered, then (C), which expressly applies when neither (A) or (B) are applicable, would have no meaning or purpose. We decline to interpret the statute in a manner that renders (C) meaningless.

Although Cummings was "previously registered" in Stockton, in San Joaquin County, it does not follow that prosecution in San Joaquin County was mandated under section 290.015(c)(2)(A). Again, the problem with a prosecution outside of Los Angeles County is that that Cummings's current failure to register offense was committed inside Los Angeles County. Because Cummings committed his failure to register offense in Los Angeles County, we find that the territorial jurisdiction rule set forth in section 290.015(c)(2)(C) governs.

Cummings's arguments on appeal focus strongly on the trial court's references to registration offenses applicable to transient registrants. (See § 290.011.) We are not inclined to reverse based on these arguments. Even assuming the trial court erred in looking at other statutory provisions, "'"'[n]o rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for the wrong reason. If right upon any theory of law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.'"'" (*People v. Geier* (2007) 41 Cal.4th 555, 582, quoting *People v. Zapien* (1993) 4 Cal.4th 929, 976.) For the reasons explained above, we find

Cummings was prosecutable in Los Angeles County because he committed his failure to register offense in Los Angeles County.[6]

## DISPOSITION

The judgment is affirmed.

BIGELOW, P.J.

We concur:

RUBIN, J.

GRIMES, J.

---

[6] Cummings's argument in the trial court that he should have been prosecuted only for a misdemeanor failure to register as a transient offense under section 290.011 is not repeated on appeal, and, in any event, was waived when he agreed to plead guilty to the felony failure to register offense alleged under section 290.015(a).