Filed 8/31/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E064099 |
| v. | (Super.Ct.No. SWF1208202) |
| STEVEN ANDREW ADELMANN, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Edward D. Webster,
Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant
to art. VI, § 6 of the Cal. Const.) Affirmed.

Michael A. Hestrin, District Attorney, Emily R. Hanks and Donald Ostertag,
Deputy District Attorneys, for Plaintiff and Appellant.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and
Respondent.

I

INTRODUCTION

The People appeal from an order granting the petition of defendant Steven Andrew

1

Adelmann to reduce his Health and Safety Code felony conviction to a misdemeanor pursuant to Penal Code section 1170.18.[1]  After defendant was sentenced to probation by the Superior Court of the County of San Diego, the "entire jurisdiction" of his case was transferred under section 1203.9 to the Superior Court of the County of Riverside.  The People contend defendant's petition must be decided by the trial court in San Diego that originally sentenced defendant.  (§ 1170.18, subds. (a) and (f).)

Based on established principles of statutory construction and considerations of judicial resources, we hold that the Riverside Superior Court has entire jurisdiction over defendant's case and can decide defendant's petition.  Additionally, we hold that defendant waived his right to have his petition decided by the San Diego court.

II

FACTUAL AND PROCEDURAL BACKGORUND

In 2012, defendant was charged in the County of San Diego with driving under the influence and for possession of cocaine and oxycodone.  (Veh. Code, § 23152, subd. (a); Health & Saf. Code, § 11350, subd. (a).)  Defendant pleaded guilty to both counts. Defendant also had a previous conviction in 2011 for intoxicated driving.  On September 25, 2012, defendant was sentenced by the San Diego Superior Court to three years of formal probation, ending in September 2015.  In December 2012, the San Diego Superior Court granted defendant's motion for the jurisdictional transfer of his probation case to Riverside County because he had changed his residence.  (§ 1203.9.)

---

[1]  All statutory references are to the Penal Code unless stated otherwise.

2

In January 2015, defendant filed a petition in the Superior Court of Riverside County to have his Health and Safety Code conviction reduced from a felony to a misdemeanor. (§ 1170.18, subd. (a).) At the hearing on the petition, defense counsel explained to the Riverside court he had initially tried to file the petition in San Diego but "the San Diego County Court Clerk rejected the filing and said they had no file. The whole matter was transferred to Riverside County." Defense counsel also stated he contacted the San Diego County Public Defender "who was assigned to the department in San Diego County handling Prop 47s. The public defender told me their department will not hear it. So that is the reason we eventually filed here in Riverside County because of the transfer."

The People did not object to the hearsay evidence offered by defense counsel about the procedures of the San Diego Superior Court or the Public Defender. The People did not argue that defendant was not eligible for resentencing as a misdemeanant. However, the People opposed defendant's petition based on the argument that the Riverside Superior Court lacked authority under section 1170.18 to decide the petition.

After the petition was granted by the Riverside judge, the District Attorney appealed. The District Attorney continues to challenge the authority of any judge of the Riverside Superior Court to rule on defendant's petition. We reject the People's appeal and affirm the trial court's grant of the petition.

III

DISCUSSION

This appeal involves the interplay between sections 1203.9 and 1170.18. Where defendant receives a grant of probation, section 1203.9 delineates a "detailed process for the transfer of jurisdiction" and "jurisdiction rests exclusively in the county in which probation is granted until it is transferred." (*People v. Klockman* (1997) 59 Cal.App.4th 621, 627.) Section 1203.9, subdivision (b), provides that, when a probationer's case is transferred to another county, "[t]he court of the receiving county shall accept the entire jurisdiction over the case effective the date that the transferring court orders the transfer." Conversely, once a case is transferred the original court no longer has jurisdiction. As applied here, the San Diego court was the transferring court that transferred "entire jurisdiction" of defendant's case to the Riverside court.

Section 1170.18, subdivision (a), provides a person currently serving a sentence for a felony conviction "may petition for a recall of sentence *before the trial court that entered the judgment of conviction* in his or her case to request resentencing [emphasis added]" for a misdemeanor. Subdivision (f) provides a person who has completed his sentence or probation "may file an application *before the trial court that entered the judgment of conviction* [emphasis added]" in his case to have the felony conviction designated as a misdemeanor. Subdivision (*l*) further provides: "If the court that originally sentenced the petitioner is not available, the presiding judge shall designate another judge to rule on the petition or application." Section 1170.18 makes no mention of jurisdiction.

4

Defendant was sentenced in San Diego to three years of probation, which he completed successfully in September 2015. At the time his sentence was imposed in San Diego in September 2012, he was living with his parents in Riverside County and working as a tile-setter. For that reason, the San Diego probation department made a motion for jurisdictional transfer of his case to Riverside County. (§ 1203.9; Cal. Rules of Court, rule 4.530(a)(5).) The motion was granted, causing the transferring court to "transmit any records of payments and the entire court file, except exhibits, to the receiving court within two weeks of the transfer order." Therefore, when defendant's counsel first tried to file a petition in San Diego, he was informed the San Diego court could not accept the petition because it had no file for his case. Defendant's only alternative was to file his petition in the Riverside court which had accepted "entire jurisdiction" in December 2012.

In spite of defendant's inability to file his petition in San Diego County, the Riverside County District Attorney argues that section 1170.18 prohibits defendant from filing his petition in Riverside county. Defendant argues that, because "entire jurisdiction" over his case was transferred from San Diego to Riverside, defendant's county of residence, the Riverside court should decide his petition. The People counter that, in spite of the "entire jurisdiction" language of section 1203.9, section 1170.18 requires the San Diego court, not Riverside, to decide the petition.

The legal commentators who are the authors of *Sentencing California Crimes* maintain that a defendant, like here, whose probation case has been transferred under section 1203.9, and who seeks relief under section 1170.18, should file the petition in the

5

receiving county. Because the receiving county has exclusive jurisdiction over the case, the original sentencing judge is no longer available as a matter of law. Therefore, the request for relief may be handled by any judge appointed by the presiding judge. (§ 1170.18, subd. (*l*).) (J. Richard Couzens, Tricia A. Bigelow, and Gregg L. Prickett, *Sentencing California Crimes,* § 25:11.)

Since the adoption of Proposition 47, only one published California case has addressed the interaction of sections 1203.9 and 1170. In *People v. Curry*, the First District Court of Appeal recently held that a defendant who was subject to PRCS (postrelease community supervision) under section 3460, not section 1203.9, was required to file a petition for reduction in the original sentencing county of Napa, not in Alameda County where her case had been transferred for PRCS. The *Curry* court adopted the distinction made by Couzens and Bigelow between persons on PCRS and persons whose case has been transferred under section 1203.09: "'There is a qualitative difference between the transfer of the case for purposes of supervision, as in section 3460, and transfer of the "entire jurisdiction over the case" between courts, as in section 1203.9.'" (*People v. Curry* (2016) 1 Cal.App.4th 1073, 1082.) *Curry* does not apply here because it involved section 3460, not section 1203.9, which provides for the transfer of the "entire jurisdiction" of a case.

We also conclude that defendant can waive his rights under section 1170.18 to have his petition decided by a San Diego court. In addressing similar language in a statute for resentencing under Proposition 36, the court held that it is "clear that the initial sentencing judge shall rule on the prisoner's petition. However, as with other rights, a

defendant may waive the right for the petition to be considered by a particular judge." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1301.) Applying the reasoning of *Kaulick* means a defendant seeking Proposition 47 relief may waive his right to be sentenced by a particular judge in a particular county, something he has done in this instance by filing his petition in Riverside superior court.

We briefly address the People's arguments based on statutory construction. Statutory construction is subject to de novo review on appeal: "When interpreting a voter initiative, 'we apply the same principles that govern statutory construction.' (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look '"to the language of the statute, giving the words their ordinary meaning."' (*Ibid.*) We construe the statutory language 'in the context of the statute as a whole and the overall statutory scheme.' (*Ibid.*) If the language is ambiguous, we look to '"other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."' (*Ibid.*)" (*People v. Marks* (2015) 243 Cal.App.4th 331, 334.) "'"'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.'"'" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099.)

Statutory interpretation begins with an analysis of the plain meaning of the statute. If the statutory language is clear and unambiguous, courts must follow its usual, ordinary meaning. Where the language allows for more than one reasonable interpretation, "'"'"the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.'"'"'" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1099, *Mejia v. Reed* (2003) 31 Cal.4th 657, 663.)

7

The final step in statutory construction requires courts to apply "reason, practicality, and common sense to the language at hand." (*Halbert's Lumber, Inc. v. Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1239.) Statutory language is not interpreted ". . . in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

Section 1170.18, unlike section 1203.9 does not make any express mention of "entire jurisdiction." There is no language, plain or otherwise, addressing whether a section 1203.9 transfer does not allow the court in the receiving county to decide a petition for resentencing. Nothing in the language of section 1170.18 mandates that a defendant must file in the court that entered the judgment when the "entire jurisdiction" over a case has been transferred to another court.

Instead the language in section 1170.18 is subject to a reasonable interpretation, using a construction that "best harmonizes . . . with related statutes." (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1100.) The court must give "a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." (*In re Reeves* (2005) 35 Cal.4th 765, 771, fn. 9.)

One of stated objectives of Proposition 47 is to create a process for persons who have qualified felony convictions to obtain reclassification of the crime as a misdemeanor. (*Proposition 47: Text of Proposed Laws*, California Ballot

8

Pamphlet: General Election Nov. 4, 2014 p. 70.) The People's proposal that defendant must somehow compel the San Diego court to accept his petition—although entire jurisdiction over his probationary case has been transferred to Riverside—seems wholly unfeasible and not an economical or practical use of judicial resources. Based on a practical, reasonable, commonsense analysis, allowing the court that currently has entire jurisdiction over a case to decide a section 1170.18 petition is the wisest and most appropriate policy. (*In re Reeves, supra,* 35 Cal.4th at p. 771, fn. 9.)

Our conclusions comport with the principle of the California Supreme Court that a specific statute should prevail over a general statute only when the two statutes are in actual conflict. (*People v. Price* (1991) 1 Cal.4th 324, 385.) In this case, section 1203.9 is specific about jurisdiction; section 1170.18 is not. Our duty is "'"to harmonize statutes on the same subject . . . , giving effect to all parts of the statutes if possible . . . ." "[Courts] will find an implied repeal 'only when there is no rational basis for harmonizing the two potentially conflicting statutes . . . , and the statutes are 'irreconcilable . . . and so inconsistent that the two cannot have concurrent operation.'""'" (*People v. Chenze* (2002) 97 Cal.App.4th 521, 526.) Affirming the lower court's disposition does not create irreconcilable or inconsistent consequences. By allowing the "concurrent operation" of both section 1203.9 and section 1170.18, a probationary defendant can waive his right to be resentenced by the same trial court and obtain expeditious relief in the court that has entire jurisdiction over his case.

9

## IV

## DISPOSITION

Under section 1203.9, the Riverside superior court has entire jurisdiction over defendant's case, including the power to decide defendant's section 1170.18 petition. We affirm the judgment.

CERTIFIED FOR PUBLICATION

<u>CODRINGTON</u>
                                                        J.

We concur:


<u>HOLLENHORST</u>
                Acting P. J.


<u>MILLER</u>
                        J.