Filed 12/8/16

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re I.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>I.S.,<br><br>        Defendant and Appellant. | A147004<br><br>(San Francisco City & County<br>Super. Ct. No. JW15-6162) |

The question before us is whether a juvenile court that accepts transfer of an entire delinquency case from another county (Welf. & Inst. Code, § 750), may rule on a Proposition 47 petition to recall the disposition made by the transferor county. Defendant maintains section 750 of the Welfare and Institutions Code confers such power. The People maintain Proposition 47, and specifically the language of Penal Code section 1170.18, subdivision (a), allows only the transferor court to recall a disposition order. We conclude a transferee juvenile court has the power to rule on a recall petition and therefore reverse the juvenile court's denial of defendant's petition. We also modify one of defendant's probation conditions.

**BACKGROUND**

In late 2013, in Contra Costa County Juvenile Court, defendant pleaded no contest to felony theft (Pen. Code, § 487, subd. (c)), and the court declared him a ward of the state. About a year later, a new petition alleged defendant unlawfully possessed a firearm

1

(Pen. Code, § 29610), and he again pleaded no contest to a misdemeanor variant of the charge.

The following year, and just prior to a disposition hearing on the new charge, defendant's case was transferred to the San Francisco Juvenile Court pursuant to Welfare and Institutions Code section 750 because his family had moved. The San Francisco Juvenile Court re-declared defendant a ward, chose to place him with his mother, reimposed probation conditions, and kept intact orders of the transferor court.

A few days later, defendant filed a Proposition 47 petition in the San Francisco Juvenile Court to reduce his felony theft offense to misdemeanor larceny. The San Francisco court denied his petition without prejudice, ruling only the Contra Costa Juvenile Court has jurisdiction to act on defendant's petition.

### DISCUSSION

*Minor May Petition Receiving Court Under Proposition 47*

In passing Proposition 47, "voters reclassified certain criminal offenses from felonies to misdemeanors" and also "necessarily reclassified these offenses for juvenile offenders by virtue of Welfare and Institutions Code section 602's correlation of wardship jurisdiction with violations of criminal laws." (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1224 (*Alejandro N.*).)

"In addition to reclassifying certain felonies as misdemeanors, Proposition 47 also added section 1170.18 to the Penal Code. Section 1170.18 provides an opportunity for qualifying offenders who incurred their felony convictions before the effective date of the Act to benefit from the Act's reclassification provisions." (*Alejandro N.*, *supra*, 238 Cal.App.4th at p. 1222.) The statute further provides a qualifying offender "may petition for a recall of sentence *before the trial court that entered the judgment of conviction.*" (Pen. Code, § 1170.18, subd. (a), italics added.)

The Attorney General points to the latter language—that an offender may petition "the trial court that entered the judgment of conviction"—as foreclosing any other court from acting on a petition to recall and, thus, here mandating that only the Contra Costa Juvenile Court can act on defendant's petition.

Defendant contends, however, that Welfare and Institutions Code section 750 empowers the San Francisco Juvenile Court to hear his petition.  Section 750 provides in pertinent part: "Whenever . . . subsequent to the filing of a petition in the juvenile court of the county where such minor resides, the residence of the person who would be legally entitled to the custody of such minor were it not for the existence of a court order issued pursuant to this chapter is changed to another county, the *entire case* may be transferred to the juvenile court of the county wherein such person then resides at any time after the court has made a finding of the facts upon which it has exercised its jurisdiction over such minor, and *the juvenile court of the county wherein such person then resides shall take jurisdiction of the case* upon the receipt and filing with it of such finding of the facts and an order transferring the case."  (Welf & Inst. Code, § 750, italics added.)

Because transfers of " 'the entire case' " under Welfare and Institutions Code section 750 are "for all purposes"  (*In re Brandon H.* (2002) 99 Cal.App.4th 1153, 1156; see 10 Witkin, Summary of Cal. Law (10th ed. 2005) Parent & Child, § 461, pp. 572–573), defendant maintains a transferee court, like the San Francisco Juvenile Court, has full authority to rule on a Proposition 47 petition.  The Attorney General acknowledges Welfare and Institutions Code section 750 generally effects a wholesale transfer of jurisdiction to the transferee court, but asserts Proposition 47 and, specifically, Penal Code section 1170.18, subdivision (a), creates an "exception" to this statutory transfer of judicial power and authority.

In *People v. Adelmann* (2016) 2 Cal.App.5th 1188, review granted November 9, 2016, S237602 (*Adelmann*)[1], the court considered a transfer statute pertaining to adult probationers, Penal Code section 1203.9, which provides for transfer to the superior court for the county in which the probationer takes up permanent residence.  (Pen. Code, § 1203.9, subd. (a)(1).)  With minor exceptions explicitly stated, section 1203.9 specifies a "receiving court shall have entire jurisdiction over the case."  (*Id.*, subd. (c); see *id.*,

---

[1] Pursuant to the California Rules of Court, new rules 8.1105(e)(1)(B) and 8.1115(e)(1), a published Court of Appeal opinion remains published and retains persuasive value despite the Supreme Court's grant of review.

3

subds. (b)–(e).)  *Adelmann*, thus, concluded that when the San Diego County Superior Court transferred the defendant probationer's case to Riverside County, the Riverside County Superior Court had jurisdiction over the *entire* case, including the authority to address his Proposition 47 petition.  (*Adelmann*, at pp. 1193, 1196; see Couzens et al., Sentencing California Crimes (The Rutter Group 2016) § 25:19, p. 25-97 ["[a] defendant whose case has been transferred who requests relief under section 1170.18 likely will be required to file the petition in the receiving county" because "the receiving county has exclusive jurisdiction" and "the original sentencing judge is no longer available as a matter of law"]; cf. *People v. Curry* (2016) 1 Cal.App.5th 1073, 1082 [where case transfer was more appropriately viewed as a limited one for purposes of supervision only (under Pen. Code, § 3460), original court retained jurisdiction and was proper venue for a Prop. 47 petition], review granted Nov. 1, 2016, S237037.)

*Adelmann* harmonized Penal Code section 1203.9 (the probationer transfer statute) and section 1170.18, subdivision (a) (Proposition 47) by pointing out that section 1203.9 is a grant of *jurisdiction*, whereas section 1170.18, subdivision (a), does not address jurisdiction.  (*Adelmann*, *supra*, 2 Cal.App.5th at pp. 1193, 1195–1196, rev.gr.) *Adelmann* also observed that even if it were legally permissible for a court with no jurisdiction to act on a recall petition, having the transferor court act on a Proposition 47 petition can be viewed as a "right" an adult probationer can waive by petitioning the transferee court.  (*Adelmann*, at p. 1194.)

The Attorney General relies on *Steven R. v. Superior Court* (2015) 241 Cal.App.4th 812 (*Steven R.*), which addressed the interplay of two juvenile court provisions, Welfare and Institutions Code sections 750 and 782.  Section 782, at the time of the case, provided:  " 'A judge of the juvenile court *in which a petition was filed*, at any time before the minor reaches the age of 21 years, may dismiss the petition . . . if the court finds that the interests of justice and the welfare of the minor require such dismissal . . . .' " (*Steven R.*, at p. 817.)  Given that both sections pertain to juvenile offenders and section 782 is the more specific statute when it comes to dismissals, the court concluded it trumped the more general provisions of section 750.  (*Steven R.*, at p. 819.)

4

We conclude *Adelmann* is more closely analogous to the case at hand, since it dealt with the interplay of a jurisdictional transfer provision, Penal Code section 1203.9, and Proposition 47. Like Penal Code section 1203.9, Welfare and Institutions Code section 750 vests jurisdiction of the "entire case" with a transferee juvenile court. Thus, the transferee juvenile court unquestionably has the judicial power to entertain a recall petition. Indeed, Proposition 47 is utterly silent as to jurisdiction, and we can only conclude Penal Code section 1170.18, subdivision (a), simply does not speak to the situation where wholesale jurisdiction of a criminal or juvenile case is transferred from one county to another. The language of Penal Code section 1170.18, subdivision (a), certainly does not purport to curtail the jurisdictional grants of either Penal Code section 1203.9 or Welfare and Institutions Code section 750. While the Attorney General maintains Proposition 47 implicitly effected an "exception" to these jurisdictional transfer statutes, the law cautions against finding an implied repeal of a longstanding statute and to do so only if there is no conceivable basis on which the new and existing statutory provisions can be harmonized. (*Adelmann*, *supra*, 2 Cal.App.5th at p. 1196, rev.gr.; see *Coker v. JPMorgan Chase Bank, N.A.* (2016) 62 Cal.4th 667, 690; *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838.)

In addition, the courts have historically taken an especially solicitous view towards statutory provisions enacted for the benefit of the minors the juvenile justice system seeks to aide in reforming. (See *In re Brandon H.*, *supra*, 99 Cal.App.4th at pp. 1155–1156; *In re T.C.* (2009) 173 Cal.App.4th 837, 850 [no wholesale importation of Pen. Code procedures into juvenile system]; see also Welf. & Inst. Code, § 203 ["a proceeding in the juvenile court" shall not "be deemed a criminal proceeding"]; *Alejandro N.*, *supra*, 238 Cal.App.4th at p. 1220 ["the extent to which statutes enacted in the adult context apply to juveniles depends on the particular statutory enactments under consideration"].)

One of the important purposes of juvenile delinquency law is to "preserve and strengthen the minor's family ties whenever possible" and to rehabilitate—thus, distinguishing it from the adult criminal system. (Welf. & Inst. Code, § 202; see

5

*In re Holly H.* (2002) 104 Cal.App.4th 1324, 1336, fn. 6.) The jurisdictional transfer provided for by Welfare and Institutions Code section 750 goes directly to preserving and supporting the family unit. We do not believe the voters, by enacting Proposition 47, intended to undercut this important goal of the juvenile justice system. Nor do we believe the voters intended to require a juvenile who becomes a ward of the state, for example, in Modoc County, and whose parent secures better employment in and moves to San Diego County, to make and pay for the trek back to Modoc County to obtain a ruling on a Proposition 47 petition to recall. (See *People v. Holm* (2016) 3 Cal.App.5th 141, p. 146 [in interpreting a proposition, our " ' " 'primary purpose is to ascertain and effectuate the intent of the voters' " ' "].)

We therefore follow the analytical approach of *Adelmann* and conclude the San Francisco Juvenile Court has the power to rule on defendant's petition for recall under Proposition 47.

***Probation Condition Regarding Weapons***

The juvenile court orally imposed the following condition of probation: "You're not to possess dangerous or deadly weapons of any kind which means you're not to possess any firearms, ammunition, bullets, or other weapons. You're not to possess anything that looks like a weapon. You're not to possess anything that can be considered by someone else to be a weapon. You're not to possess anything you intend to use as a weapon. That includes real, fake, toy, replica, look-alike weapons. When I say 'dangerous and deadly weapons,' I also include knives, clubs, metal knuckles, brass knuckles—things of that nature."

Defendant challenges those portions of the condition prohibiting him from possessing "anything that looks like a weapon" and "anything that can be considered by someone else to be a weapon." He contends they are unconstitutionally vague. He suggests neither he nor a probation officer can know what "looks like" a weapon or what others "consider" to be weapons, and that the condition can be read to preclude him from holding a baseball bat at a baseball game. He also maintains some portions of the condition improperly apply to nondangerous, nondeadly weapons, and contends a

6

scienter requirement should be added, proposing a modified condition that would prohibit him from "knowingly" possessing deadly or dangerous weapons.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning,' " which encompasses the " 'concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*)

When interpreting a probation condition, we rely on "context and common sense" (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 677) and give the condition " 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) Although the juvenile court did not use the modifying phrase "dangerous or deadly" each time it referred to weapons, the court's repetition of that phrase, as well as the examples the court provided, demonstrate the condition reasonably encompasses only dangerous or deadly weapons and their replicas. (See *In re Kevin F.* (2015) 239 Cal.App.4th 351, 360 ["the qualifier 'dangerous or deadly' inheres in the commonly understood meaning of the term 'weapon' "].)

" 'Dangerous or deadly weapon,' " in turn, has an established meaning: it includes both "inherently deadly items such as dirks and blackjacks which are specifically designed as weapons and are thus 'deadly weapons' as a matter of law" and "other items that are not deadly per se" but that can be used to inflict deadly harm and that a person intends to use "to inflict, or threaten to inflict," deadly harm. (*In re R.P.* (2009) 176 Cal.App.4th 562, 565, 567–568, italics omitted.) This construction of the weapon-related condition addresses a primary concern the defendant raises: that he could be detained for possessing an everyday object that could conceivably be used as a weapon, such as a pencil or baseball bat, if he does not intend to use it as a deadly weapon. We find it unnecessary, then, for the condition to have an explicit intent requirement, because it is part of the definition of "dangerous or deadly weapon." (See *Sheena K.*, *supra*,

7

40 Cal.4th at p. 890 [probation condition not vague so long as it establishes with " ' "*reasonable* specificity" ' " what is prohibited], original italics.)  As a result, we decline to follow *In re Kevin F.*, *supra*, 239 Cal.App.4th at page 366, to the extent it required an express intent.

We further reject the minor's position that the weapon-related condition must be modified to include an explicit scienter requirement barring him from "knowingly" possessing any dangerous or deadly weapons or their replicas.[2]  A probation violation cannot be premised on the probationer's unwitting noncompliance with his or her probation conditions.  (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.)  Again, we find it unnecessary to modify the condition to make this requirement explicit.  (See *People v. Contreras* (2015) 237 Cal.App.4th 868, 887; *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594; *People v. Moore* (2012) 211 Cal.App.4th 1179, 1185.)  Thus, we do not follow *In re Kevin F.*, *supra*, 239 Cal.App.4th at pages 361–362, on this point either.

We do agree, however, that the weapon-related condition is vague to the extent it prohibits possession of "anything that can be considered by someone else to be a [dangerous or deadly] weapon."  Numerous courts have sustained vagueness challenges to probation conditions prohibiting the use or possession of certain items when the conditions fail to specify that the probationer know that an item falls within the prohibited category.  (See, e.g., *People v. Moses* (2011) 199 Cal.App.4th 374, 377 [sexually explicit materials]; *People v. Leon* (2010) 181 Cal.App.4th 943, 950–951 [gang paraphernalia]; *People v. Freitas* (2009) 179 Cal.App.4th 747, 751 [stolen property].)  Here, the minor cannot fairly be expected to avoid all the items that any other person might consider to be dangerous or deadly weapons, and we conclude that the simplest course is to strike the offending phrase.

---

[2] A similar issue is currently pending before our state Supreme Court.  (*People v. Hall* (2015) 236 Cal.App.4th 1124, review granted Sept. 9, 2015, S227193.)

*Probation Condition Regarding Drugs*

The juvenile court also imposed a condition regarding drug use: that defendant could not "use, possess, or sell any narcotics, controlled substances, alcohol, marijuana, or other intoxicants," meaning "no drugs without a lawful prescription from a doctor." Defendant contends this, too, requires a scienter requirement. We disagree for the reasons just discussed in connection with the weapons condition.

### DISPOSITION

The order denying the minor's Proposition 47 petition is reversed and the matter is remanded for the court to rule on the petition. The weapon-related condition is modified to state defendant is "not to possess any dangerous or deadly weapons, including firearms, ammunition, bullets, knives, clubs, brass knuckles, or metal knuckles, or any replicas of such weapons." The challenged orders are otherwise affirmed.

_____
Banke, J.

We concur:

_____
Humes, P.J.

_____
Margulies, J.

9

Trial Court:   San Francisco City and County Superior Court

Trial Judge:   Hon. Braden C. Woods

Counsel:

Maggie Shrout under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Arthur P. Beever and Christina Vom Saal, Deputy Attorneys General for Plaintiff and Respondent.