Filed 1/6/26  P. v. Jones CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085399, D085433 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SCE428191, SCD303170) |
| v. | |
| CELESTE MARIE JONES, | |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from orders of the Superior Court of San Diego County, Kimberlee A. Lagotta and Frank L. Birchak, Judges. Affirmed.

Monica McMillan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.

In this opinion, we resolve two consolidated appeals by Celeste Marie Jones, requesting that we strike probation condition 7 in its entirety, or certain sub-conditions (collectively, the conditions), imposed without objection

at separate sentencing hearings. Jones argues her counsels' failure to object to the conditions constitutes ineffective assistance of counsel. Alternatively, she argues the conditions (1) violate her constitutional right to privacy and due process of law; (2) are unconstitutionally overbroad and vague; and (3) are unreasonable and thus invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).

As we explain, Jones does not have a cognizable claim of ineffective assistance of counsel and has forfeited her privacy and due process challenges to the conditions. And, to the extent her remaining challenges are not forfeited, the conditions are not unreasonable, as they are subject to the meaning that would appear to a reasonable, objective reader. We accordingly affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

Between her two cases, Jones pled guilty to first degree burglary under Penal Code[1] section 459, attempted burglary under section 460, subdivision (a), and resisting an officer under section 69. At Jones's two sentencing hearings, the courts imposed identical probation conditions, including the conditions that are the subject of this appeal:

> 7. TREATMENT, THERAPY, COUNSELING:
>
> a. Take psychotropic medications if prescribed/ordered by a doctor.
>
> b. Participate in treatment, therapy, counseling, or other course of conduct as suggested by validated assessment tests.
>
> c. Provide written authorization for the P.O. to receive progress and compliance reports from any medical/mental health care provider, or other treatment provider rendering treatment/services per

---

[1] All further statutory references are to the Penal Code.

2

court order under the terms of this grant of probation.

d. Attend and successfully complete Psychiatric-IF;[2] Individual-IF; Group-IF; Substance Abuse-IF; Dual Diagnosis-IF; Anti-Theft-AS; cognitive behavior-IF counseling program approved by the P.O., as/if directed by the P.O. Authorize the counselor to provide progress reports to the probation officer or court when requested; all costs to be borne by defendant.

DISCUSSION

I

Ineffective Assistance of Counsel

A. *Standard of Review and Guiding Principles*

A criminal defendant has a constitutional right to effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *Strickland v. Washington* (1984) 466 U.S. 668, 684–685 (*Strickland*).) To prove ineffective assistance, the appellant first must show that their attorney performed below the standard of reasonableness under prevailing professional norms; and second, there is a reasonable probability that but for this substandard performance, the result of the proceeding would have been more favorable to appellant. (*Strickland*, at pp. 686–688; *People v. Mai* (2013) 57 Cal.4th 986, 1009; *People v. Brand* (2021) 59 Cal.App.5th 861, 871–872 (*Brand*).) "It is defendant's burden to demonstrate the inadequacy of trial counsel." (*People v. Lucas* (1995) 12 Cal.4th 415, 436.) An insufficient showing on either

---

2     We understand that the words "IF" and "AS" repeated throughout sub-condition 7(d) to create a requirement for the term it accompanies only if probation found these terms appropriate and directed Jones to follow them. This was necessary because the record shows "Jones did not meet with the probation officer," and therefore probation did not have information about whether it would be appropriate to have Jones comply with these terms.

component is fatal to an ineffective assistance claim. (*Strickland,* at p. 687; accord, *Brand*, at pp. 871–872 [we concluded an ineffective assistance claim fails if the defendant makes an insufficient showing on either one of the two *Strickland* prongs].)

We are mindful that claims of ineffective assistance are often not cognizable on appeal, as we give deference to trial counsel's tactical choices, and the record rarely provides information regarding counsel's strategy. (*Strickland, supra*, 466 U.S. at pp. 690–691; accord, *People v. Silvey* (1997) 58 Cal.App.4th 1320, 1329 ["Ineffective assistance of counsel claims are rarely cognizable on appeal."].) In evaluating a defendant's claim of incompetence, " ' "[a] fair assessment of attorney performance requires that every effort be made . . . to evaluate the conduct from counsel's perspective at the time." ' " (*People v. Mayfield* (1993) 5 Cal.4th 142, 199.)

We must reject claims of ineffective assistance if the record "does not affirmatively show why counsel failed to object and the circumstances suggest counsel could have had a valid tactical reason for not objecting." (*People v. Jones* (2009) 178 Cal.App.4th 853, 860 (*Jones*), citing *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.) We must similarly reject claims of ineffective assistance "unless counsel was asked for and failed to provide a satisfactory explanation, or there simply can be no satisfactory explanation." (*People v. Scott* (1997) 15 Cal.4th 1188, 1212.)

B. *Jones Does Not Have a Cognizable Ineffective Assistance Claim*

Jones makes two claims regarding trial counsels' effectiveness. First, she asserts that her counsel provided ineffective assistance by failing to object to the conditions because they were "not part of the negotiated terms of the agreements in each case, as evidenced by the fact that the term does not

4

appear in Appellant's plea forms." Second, she asserts that counsel breached a "duty to know the law." We reject both claims.

As to her first claim, Jones states that the conditions "first appeared in Appellant's probation orders, the terms of which were imposed at sentencing." This claim, however, is belied by the record, as the conditions appeared in the probation reports for both matters. At Jones's first sentencing, her attorney confirmed receipt of these conditions and discussed them with the court. At her second sentencing, Jones herself confirmed she reviewed "all of the proposed terms and conditions of probation" with her attorney and that she understood and accepted them.

Furthermore, we cannot assume that the conditions are different from those negotiated by her counsel, as the record is devoid of evidence of such negotiations. We cannot decide a claim of ineffective assistance premised on a misstatement of fact or pure speculation. (See *In re Cox* (2003) 30 Cal.4th 974, 1016 [appellant "must establish 'prejudice as a "demonstrable reality," not simply speculation as to the effect of the errors or omissions of counsel' "].)

As to her second claim, Jones alleges trial counsel fell short of a "duty to know the law." Specifically, she argues that her attorneys' constructive knowledge of *Lent* should have led them to conclude that the conditions were invalid, giving rise to a duty to object to their imposition. But simply knowing that a condition *may* be objectionable does not mean defense counsel was ineffective for failing to object, as counsel "could have made a reasonable

5

tactical decision to forgo any challenge to the conditions."[3] (*Brand, supra*, 59 Cal.App.5th at p. 873.)

Indeed, at Jones's first sentencing, defense counsel objected to probation conditions not at issue in this appeal.  The People responded by raising concerns over Jones's likelihood of recidivism.  Defense counsel therefore could have reasonably concluded that any further objections to the conditions of probation, including the conditions at issue here, might negatively impact the court's decision to grant probation, thereby prejudicing Jones.  Absent any indication in the record as to why defense counsel failed to object, and both the potential tactical reasons and a satisfactory explanation for not doing so, we must reject Jones's claim that she received ineffective assistance at her first sentencing.  (See *Jones, supra*, 178 Cal.App.4th at p. 860.)

At her second sentencing, Jones confirmed she (1) reviewed the probation conditions with her attorney, and (2) understood and accepted them.  The record here similarly does not show why her counsel failed to object to the conditions.  Tactically, counsel could have concluded it would have been futile to do so given that the court had already imposed the same conditions at Jones's first sentencing.  (See *Kendrick, supra*, 226 Cal.App.4th at p. 779.)  We accordingly also reject Jones's ineffective assistance of counsel claim as it pertains to her second sentencing.

---

[3]　　Valid tactical reasons include a reasonable belief that an objection could highlight unfavorable information about the defendant, including his or her background or character (*Brand, supra*, 59 Cal.App.5th at pp. 871–872) or negatively influence the court's decision to grant probation in the first instance (*id.* at p. 873); or that "the trial court would not have entertained an objection to the probation condition," i.e., the objection would have been futile (*People v. Kendrick* (2014) 226 Cal.App.4th 769, 779 (*Kendrick*)).

Constitutional Challenges to the Conditions[4]

A.    *Standard of Review*

"We review a superior court's ruling regarding mandatory supervision and its terms and conditions under an abuse of discretion standard." (*People v. Malago* (2017) 8 Cal.App.5th 1301, 1305.) However, if "a condition of mandatory supervision is challenged on constitutional grounds, we apply a de novo standard of review." (*Brand, supra*, 59 Cal.App.5th at p. 867.)

B.    *Guiding Principles*

Ordinarily, challenges on appeal are subject to forfeiture in criminal cases where the defendant "[fails] to make timely assertion of the right" before the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 881 (*Sheena K.*).) Forfeiture applies "in the context of sentencing as in other areas of criminal law." (*Ibid.*) Thus, probation condition challenges "must be raised in the trial court, and if they are not, appellate review . . . is forfeited." (*Id.* at p. 880; *Brand, supra*, 59 Cal.App.5th at p. 867.)

"The one exception to this rule involves facial constitutional challenges." (*Brand, supra*, 59 Cal.App.5th at p. 867, citing *Sheena K., supra*, 40 Cal.4th at pp. 887–889.) Defendants may bring a facial challenge against an "unauthorized sentence" for the first time on appeal if the challenge "presents an asserted error that is a pure question of law," that is "correctable without reference to the particular sentencing record developed in the trial court." (*Sheena K.,* at pp. 888–889.) "A sentence is said to be unauthorized if it 'cannot be lawfully imposed under any circumstance . . . .' " (*Id.* at p. 887.) Accordingly, challenges that require reference to the record

---

4    Jones asserts, and the People concede, that because this appeal does not disturb her plea, she did not need a certificate of probable cause to file it. We agree. (See Cal. Rules of Court, rule 8.304(b)(2).)

are subject to ordinary forfeiture rules (*id.* at p. 889), and an appellant forfeits these challenges by failing to raise them in the trial court (*ibid.*).

C. *Analysis*

Jones argues she "raises a facial and as-applied constitutional challenge" to the conditions, on grounds they allegedly violate "her constitutional rights to privacy, bodily autonomy, and due process" under the United States and California Constitutions. She also argues the conditions are unconstitutionally overbroad and vague.

As we explain, Jones forfeited all her constitutional challenges on appeal because (1) as noted, she did not object to the conditions; (2) her challenges to the conditions are not facial (see *Sheena K., supra,* 40 Cal.4th at pp. 887–889; *Brand, supra,* 59 Cal.App.5th at p. 867); and (3) to the extent her remaining challenges are not forfeited, the conditions are not unreasonable, as they are subject to the meaning that would appear to a reasonable, objective reader.

1. *Privacy and Due Process*

Jones claims the conditions violate her privacy rights under the California Constitution; specifically, her right to refuse intrusions of her bodily autonomy including unwanted medication. She further claims that the conditions violate her rights to liberty and due process of law under the United States Constitution because they require her to take psychotropic medications if prescribed by a doctor, engage in counseling services, and provide written authorization for the government to receive progress reports. She has not persuaded us.

At the outset, we note that there are circumstances under which a sentencing court could lawfully impose a probation condition requiring an adult defendant to take medication, despite their constitutional privacy

8

rights.  (See, e.g., *In re Luis F.* (2009) 177 Cal.App.4th 176, 192 [rejecting challenge to medication condition that required the defendant to follow a doctor's prescriptions with respect to specified medical conditions based on the existence of a doctor-patient relationship].)  Similarly, there are circumstances under which an agreed-to medication condition is lawful despite a defendant's "due process right to refuse antipsychotic medication." (*People v. Petty* (2013) 213 Cal.App.4th 1410, 1414.)

Thus, whether the conditions violate Jones's privacy or due process rights are not "pure question[s] of law" because resolving these issues on appeal would require us to evaluate her specific circumstances, as shown by the record.  (See *Sheena K., supra*, 40 Cal.4th at p. 887.)  Jones understands this, because she specifically asks that we strike 7(a) for lack of a medically-informed record.  Because Jones's privacy and due process challenges to the conditions are not facial, she has forfeited them on appeal.  (*Id.* at pp. 887–889.)

Further, we decline to exercise our discretion to reach the merits of these challenges; Jones does not articulate an important legal question or issue of public policy that persuades us to exempt the rule of forfeiture in this case.  (See *Sheena K., supra*, 40 Cal.4th at p. 887, fn. 7; *In re S.B.* (2004) 32 Cal.4th 1287, 1293 [the discretion to excuse a failure to object "should be exercised rarely and only in cases presenting an important legal issue"]; accord *People v. Brown* (1996) 42 Cal.App.4th 461, 471 [forfeited claims are heard only in cases where "enforcement of a penal statute is involved," "the asserted error fundamentally affects the validity of the judgment[,]" or where "important issues of public policy are at issue"].)

Jones next argues that 7(b), which requires her to participate in counseling, is "forced treatment" and "an intrusion of her mind, and thus a

9

violation of her privacy . . . and due process rights . . . ." Jones herself, however, argues that this requirement is "not supported by a medically informed record or an express finding of necessity." Thus, it cannot be said that her challenge to 7(b) is a facial challenge. For the same reason, we reject her challenges to 7(c) and 7(d). (See *Sheena K., supra*, 40 Cal.4th at p. 887, fn. 7.)

### 2. *Overbreadth*

Jones next asserts that the conditions are unconstitutionally overbroad because they "include[ ] nearly every possible form of medical and mental health treatment" that a court could impose. The purportedly overbroad wording that Jones points to is in 7(b), which requires her to "[p]articipate in treatment, therapy, counseling, or other course of conduct as suggested by validated assessment tests."

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K., supra*, 40 Cal.4th at p. 890.) While an overbreadth challenge can present a pure question of law, evaluating whether a sentencing court narrowly tailored a condition to the probationer's circumstances, based on the record, does not. (*Id.* at pp. 887–888.)

Jones asserts "that at no point . . . was there any discussion of [her] mental health"; and that as a result, there is no basis on which to evaluate whether the conditions requiring her to undergo mental health treatment are reasonably related to her circumstances. Determination of whether such a basis exists and supports the reasonableness of the condition, however, is a factual question because it requires reference to the record. (See *Sheena K., supra*, 40 Cal.4th at p. 890.)

10

A facial challenge to 7(b) would require argument that the term is unconstitutional in the abstract, and demonstration that it is unconstitutional under all circumstances. (See *Sheena K., supra*, 40 Cal.4th at pp. 885–887.) Instead, Jones argues that the condition is overbroad because under it, she could "be subjected to a physical fitness assessment test and be ordered to run obstacle courses, or participate in a math assessment test . . . ."

"When interpreting a probation condition, we rely on 'context and common sense' [citation] and give the condition ' "the meaning that would appear to a reasonable, objective reader." ' " (*In re I.S.* (2016) 6 Cal.App.5th 517, 524.) Reading this provision as Jones suggests requires the reader to ignore the context of the provision, namely that it appears in a section devoted to mental health treatment. Further, the probation officer's discretion is not "unfettered" as she claims. Any such treatment requires a link to an assessment test. Even if an extremely broad interpretation of the language would enable a probation officer to require treatment based on a non-medical or fringe-theory assessment test, such a broad interpretation would be unreasonable. (See *ibid.*; accord, *People v. Olguin* (2008) 45 Cal.4th 375, 382–383 (*Olguin*); *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240–1241 [probation department's authority to ensure compliance with terms of probation does not authorize irrational directions by probation officer].)

### 3. *Vagueness*

Jones also argues that the phrase "validated assessment tests" in 7(b) is unconstitutionally vague because she "has no inkling of what could be required of her." Similarly, she asserts that the record does not define what these tests involve, and thus that she cannot know what the counseling courses in 7(d) require.

The record, however, shows Jones stated that she understood and accepted the entirety of the conditions at her second sentencing. Additionally, her vagueness challenge to 7(b) and 7(d) necessarily require us to review the record, and she has therefore forfeited the issue on appeal by failing to object to these conditions at sentencing. (See *Sheena K., supra*, 40 Cal.4th at pp. 887–888.)

In any event, like in overbreadth challenges, we consider vagueness challenges to probation conditions by applying " 'the meaning that would appear to a reasonable, objective reader.' " (*Olguin, supra*, 45 Cal.4th at p. 382, accord, *People v. Morgan* (2007) 42 Cal.4th 593, 606 [probation condition is not impermissibly vague " ' "simply because there may be difficulty in determining whether some marginal or hypothetical act is covered by its language" ' "]; *In re I.V.* (2017) 11 Cal.App.5th 249, 261 ["A probation condition survives a vagueness challenge if it can be given any reasonable and practical construction."].)

D. *Jones Forfeited her Lent Challenge*

Lastly, Jones asserts the conditions are invalid under *Lent, supra*, 15 Cal.3d 481. However, her failure to challenge the conditions in the trial court forfeits this argument on appeal. (*See People v. Welch* (1993) 5 Cal.4th 228, 237 [failing to timely challenge probation conditions under *Lent* forfeits those challenges on appeal].)

## DISPOSITION

We affirm the trial court's orders, including its imposition of probation conditions 7(a) through 7(d).

KELETY, J.

I CONCUR:

DATO, Acting P. J.

13

CASTILLO, J., Concurring in part and dissenting in part.

I join the majority opinion as to all but sections II.C.2 and II.C.3 of the discussion because of my concerns with the unconstitutional overbreadth and vagueness of preprinted probation condition 7(b).

Probation condition 7(b) appears under the heading "Treatment, Therapy, Counseling" and requires the probationer to "[p]articipate in treatment, therapy, counseling, or other course of conduct as suggested by validated assessment tests."  (Some capitalization omitted.)

Unlike my colleagues in the majority, I would reach the merits of Celeste Marie Jones' claim that condition 7(b) is facially unconstitutionally overbroad and vague.  (See *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 531-532 [California Constitution's right to privacy encompasses right to refuse medical treatment as "'intrusions of . . . bodily integrity'"].)  In my view, condition 7(b)'s expansive scope is problematic as applied to everyone— not just case by case—even when cabined by its context to mental health.  (Maj. Opn., at pp. 10-11 [overbreadth] 12 [vagueness].)  As a result, Jones did not forfeit this facial challenge by not objecting in the trial court.

On its face, the condition leaves open many critical questions.

For instance, what constitutes a "validated assessment test"?  By whom is it to be validated?  The condition sets no requirement that the unknown validator exercise sound medical judgment or, indeed, *any* medical judgment.

Who administers the test or supervises the probationer's participation?  Unlike neighboring conditions, condition 7(b) does not specify a doctor (as condition 7(a) does) or the probation officer (as does condition 7(d)).  (See Maj. Opn., at p. 11 [assuming probation officer].)  Need the unknown person have any medical training at all?

What does it mean for a course of conduct to be "suggested" by a test? Unlike phrases like "as determined by a licensed physician," which appears in condition 8(e), or "as clinically indicated," as used in condition 14(b), the word "suggested" here is wholly unrestrained by any form of medical justification.

What do "treatment[s], therapy, counseling, or other course[s] of conduct" encompass? The phrase reasonably could include forced medication beyond the psychotropic medications directly addressed in condition 7(a). It could also encompass FDA-approved yet invasive or extreme treatments like electroconvulsive therapy. Could it not also extend to controversial or even discredited therapies and procedures so long as they are supported by validated but outdated assessment tests?

Given its open-endedness, I would conclude probation condition 7(b) is unconstitutionally overbroad and vague and remand to the trial court to appropriately limit the condition's scope. (See, e.g., *People v. Gonsalves* (2021) 66 Cal.App.5th 1 [concluding probation condition forbidding the defendant from associating with anyone known to him to have a "criminal record" was unconstitutionally vague and overbroad].) As the defects in probation condition 7(b) are not limited to Jones, I also urge the San Diego Superior Court to consider narrowing and clarifying this preprinted condition on its Order Granting Formal Probation (SDSC CRM-021 A (Rev. 9/13)).

CASTILLO, J.