Filed 5/10/18

# IN THE SUPREME COURT OF CALIFORNIA

|  |  |  |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S237602 |
| v. | ) | |
| | ) | Ct.App. 4/2 E064099 |
| STEVEN ANDREW ADELMANN, | ) | |
| | ) | Riverside County |
| Defendant and Respondent. | ) | Super. Ct. No. SWF1208202 |
| _____ | ) | |

Proposition 47 lowered the penalty for several crimes and provided a mechanism for resentencing under the more lenient provisions.  The resentencing statute provides that a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction."[1]  (Pen. Code,[2] § 1170.18, subd. (a).)  Unrelated to the changes enacted by Proposition 47, if a defendant has been placed on probation in one county but permanently resides in another, the case may be transferred to the county of residence.  (§ 1203.9.)  The question here is where a defendant, whose probation case has been transferred, must file a petition for resentencing.  We hold that the petition should be filed in the original sentencing court.

---

[1]    We hereafter refer to "the trial court that entered the judgment of conviction" (Pen. Code, § 1170.18, subd. (a)) as "the original sentencing court" or, simply, "the sentencing court."

[2]    Unspecified statutory references will be to the Penal Code.

1

## I. BACKGROUND

In August 2012, defendant pled guilty in San Diego County Superior Court to felony drug possession and driving under the influence of drugs.[3] The San Diego court placed defendant on formal felony probation for three years. Because defendant lived in Riverside County, the court transferred his case there. (See § 1203.9; Cal. Rules of Court, rule 4.530.) In January 2015, defendant filed a petition in Riverside County to recall his felony sentence and impose a misdemeanor term under Proposition 47. (§ 1170.18.) The People opposed the petition on the sole ground that it should have been filed in San Diego. Defense counsel represented that he had tried to file the petition there but "the San Diego County Court Clerk rejected the filing and said they had no file. The whole matter was transferred to Riverside County." The prosecutor did not dispute defense counsel's representation but maintained that section 1170.18 required a filing in San Diego. The Riverside court granted defendant's petition and the People appealed. The Court of Appeal affirmed.

## II. DISCUSSION

The People[4] renew their argument that section 1170.18 required defendant to file his resentencing petition in San Diego. Defendant counters that, under the probation transfer statute, because the court of the *receiving county* had accepted "the entire jurisdiction over the case" (§ 1203.9, subd. (b)), Riverside was the proper venue for his petition. The dispute requires us to construe the two statutes and harmonize them if possible. (*926 North Ardmore Ave., LLC v. County of Los*

---

[3]    Health and Safety Code section 11350, subdivision (a), Vehicle Code section 23152, former subdivision (a) (now subdivision (f)). Defendant also admitted a prior conviction for driving under the influence. (Veh. Code, § 23540, subd. (a).)

[4]    The People are represented here by the Riverside County District Attorney.

2

*Angeles* (2017) 3 Cal.5th 319, 328.)  The fundamental task is to determine the enactors' intent and to effect their intended purpose.  (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)  We give the statutory language its plain and commonsense meaning, and consider the words in the context of the entire scheme and related statutes.  (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 632; see *People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

A.  *Proposition 47*

Enacted in 2014, Proposition 47, known as the Safe Neighborhoods and Schools Act (the Act), "reduc[ed] penalties for certain theft and drug offenses by amending existing statutes."  (*People v. Gonzales* (2017) 2 Cal.5th 858, 863 (*Gonzales*).)  "One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative."  (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 992; see *Gonzales*, at p. 870.)

Along with other penal provisions, the Act amended Health and Safety Code section 11350, subdivision (a), reducing simple drug possession from a felony to a misdemeanor.  (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 11, pp. 72-73.)  Section 1170.18, subdivision (a), in turn, allows a defendant who is currently serving a felony sentence and "who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense" to file a petition "before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with" the sections amended to provide for more lenient penalties.[5]  If an offense "would

---

[5]    Those revised statutes include "Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code . . . ."  (§ 1170.18, subd. (a).)

have been a misdemeanor under the Act, resentencing is required unless 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).) A person who has already completed a felony sentence may petition to have his conviction designated a misdemeanor.[6] (§ 1170.18, subds. (f), (g).)"[7] (*Gonzales, supra,* 2 Cal.5th at p. 863.) Under the Act, "[i]f the court that originally sentenced the petitioner is not available, the presiding judge shall designate another judge to rule on the petition or application." (§ 1170.18, subd. (*l*).)

B. *Inter-county Transfer Provisions*

Section 1203.9 was originally enacted in 1935, thus long predating Proposition 47's passage. (Stats. 1935, ch. 604, § 10, p. 1714.) Section 1203.9, subdivision (a)(1) reads: "Except as provided in paragraph (3), whenever a person is released on probation or mandatory supervision, the court, upon noticed motion, shall transfer the case to the superior court in any other county in which the person resides permanently, . . . unless the transferring court determines that the transfer would be inappropriate and states its reasons on the record." As noted, section 1203.9, subdivision (b) states: "The court of the receiving county *shall accept the entire jurisdiction over the case* effective the date that the transferring court orders the transfer." (Italics added.) Section 1203.9, subdivision (a)(3) requires the transferring court to "determine the amount of restitution before the transfer" or to "complete the determination as soon as practicable" after the transfer. "In all other aspects, except as provided in subdivisions (d) and (e), the court of the receiving

---

**6**     A court may rule on a reclassification petition without holding a hearing unless a defendant requests one. (§ 1170.18, subd. (h).)

**7**     A defendant who has a prior conviction for certain designated offenses is not eligible for resentencing under the Act. (§ 1170.18, subd. (i).)

4

county shall have full jurisdiction over the matter upon transfer . . . ."**8** (§ 1203.9, subd. (a)(3).)

The Judicial Council has promulgated rules to implement section 1203.9. Those rules also provide that upon transfer, "the receiving court must accept the entire jurisdiction over the case." (Cal. Rules of Court, rule 4.530(g)(3).) "[T]he transferring court must transmit the entire original court file to the receiving court in all cases in which the supervisee is the sole defendant," or, in a case with multiple defendants, "certified copies of the entire original court file."**9** (Cal. Rules of Court, rule 4.530(g)(5).) The probation officer of the transferring county "must transmit, at a minimum, any court orders, probation or mandatory supervision reports, and case plans to the probation officer of the receiving county." (Cal. Rules of Court, rule 4.530(g)(6).)

C. *Court of Appeal Decisions*

To date, two published Court of Appeal opinions have considered the interplay between sections 1170.18 and 1203.9. In *People v. Curry* (2016) 1 Cal.App.5th 1073 (review granted Nov. 9, 2016, S237037) (*Curry*), the defendant pled no contest to second degree burglary in Napa County. At sentencing, the probation officer indicated Curry was already on postrelease community supervision in Alameda County and recommended a transfer of the Napa case to Alameda under section 1203.9. The trial court did so. (*Curry*, at p. 1076.) After passage of Proposition 47, Curry filed a resentencing petition in Alameda County. The court denied the petition, holding that "defendant had to seek relief in Napa

---

**8** Subdivisions (d) and (e) of section 1203.9 detail how court-ordered fines and fees should be collected and enumerates other rules regarding the charging and collection of money from transferred probationers.
**9** Exhibits and payment records need not be transferred. (Cal. Rules of Court, rule 4.530(g)(5).)

County because that was where she received the sentence she was now petitioning to have reduced." (*Curry*, at p. 1077.)

The *Curry* court affirmed, rejecting the defendant's argument that Alameda County was the proper venue because it had full jurisdiction after the transfer from Napa County. *Curry* reasoned that the resentencing statute, which directs petitions be presented to "the trial court that entered the judgment of conviction" (§ 1170.18, subds. (a), (f)), was obviously intended to have those petitions decided "by the judge with a presumed knowledge of the underlying circumstances. [Citation.] Clearly, the judge who presided over a petitioner's trial, or . . . guilty plea . . . would be best placed to decide whether 'resentencing the petitioner would pose an unreasonable risk of danger to public safety.' " (*Curry, supra,* 1 Cal.App.5th at pp. 1080-1081, fn. omitted.) Finding the language of Proposition 47 unambiguous, *Curry* noted: "The construction urged by defendant would have petitions ruled on by judges who have no connection to, or memory of, the details of the underlying conviction. Although such might not be an absurd result . . . it is one clearly inconsistent with the voters' plain language and obvious intent. [Citations.] All doubts must be resolved in favor of the initiative. . . . Defendant's position that the Alameda court could serve the function intended by [section 1170.18,] subdivisions (a) and (f) cannot be accepted because it would nullify the utility of those provisions with respect to probationers." (*Id.* at pp. 1081-1082.)

The Court of Appeal in our case acknowledged, but disagreed with, *Curry*'s analysis. It reasoned that "a defendant seeking Proposition 47 relief may waive his right to be sentenced by a particular judge in a particular county, something he has done in this instance by filing his petition in Riverside Superior Court." (*People v. Adelmann* (2016) 2 Cal.App.5th 1188, 1194, review granted Nov. 9, 2016, S237602 (*Adelmann*).) The court also concluded that allowing the receiving county to entertain the recall petition best harmonized Proposition 47 and section

6

1203.9. (*Adelmann*, at p. 1195; see discussion *post*.) "By allowing the 'concurrent operation' of both section 1203.9 and section 1170.18, a probationary defendant can waive his right to be resentenced by the same trial court and obtain expeditious relief in the court that has entire jurisdiction over his case." (*Id*. at p. 1196.)[10]

D. *A Resentencing Petition Should Be Filed in the Original Sentencing Court*

The People argue that, under the plain language of section 1170.18, a resentencing petition must be filed with the court where defendant was sentenced in the first instance. If there is a conflict between the resentencing and probationary transfer statutes, the resentencing provision takes precedence "because it is a more recent and more specific statute."

We agree. Under the resentencing statute, a person "who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense *may* petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with" Proposition 47. (§ 1170.18, subd. (a), italics added.) The word "may" is "usually permissive" (*Hogya v. Superior Court* (1977) 75 Cal.App.3d 122, 133), but use of that word here refers to what a person eligible for resentencing may do. A defendant is not required to seek relief, but if he or she chooses to do so, the statute directs that a resentencing petition be filed in the

_____

[10]     The Court of Appeal's decision was relied on in *In re I.S.* (2016) 6 Cal.App.5th 517, to conclude by analogy that a juvenile court has jurisdiction to consider a Proposition 47 recall petition if it accepted a transfer of jurisdiction under Welfare and Institutions Code section 750, providing for "the entire case" to be transferred. (*In re I.S.*, at pp. 522-524.) For reasons we explain below, we disapprove *In re I.S., supra,* 6 Cal.App.5th 517 to the extent it is inconsistent with our decision here.

original sentencing court. Indeed, section 1170.18, subdivision (*l*) confirms this understanding: "If the court *that originally sentenced the petitioner* is not available, the presiding judge shall designate another judge to rule on the petition or application." (Italics added.) The presiding judge of the superior court has authority to "distribute the business of the court among the judges." (Gov. Code, § 69508; see Cal. Rules of Court, rule 10.603(b)(1)(B).) The presiding judge of one county does not customarily assign cases to judges in other jurisdictions. The language of subdivision (*l*) reflects an intent that, even in the case of unavailability, another judge in the same county will rule on a resentencing petition. Nothing in the language of Proposition 47, or any of the statutes it amended, mention the probationary transfer scheme of Penal Code section 1203.9.

To the extent section 1170.18 requires a court to assess whether a defendant "would pose an unreasonable risk of danger to public safety" (§ 1170.18, subd. (b)), the resentencing statute presumes the ruling court and interested parties will have some familiarity with the defendant.[11] The sentencing court itself may have knowledge of a defendant's case, as would the original prosecuting agency and defense counsel. By contrast, a court accepting a transfer under section 1203.9 would, at most, have some awareness of a defendant's progress on probation. For any other aspect of the case, the receiving court, as well as the prosecution and defense, would be reliant on a cold court file. Indeed, this case is remarkable for the consensus it has garnered. The Riverside County District Attorney's Office, along with amici curiae California Public Defenders Association and the Riverside

---

[11] An "unreasonable risk of danger to public safety" is defined as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).)

8

County Public Defender's Office, all urge that the proper court to rule on a resentencing petition is the original sentencing court. This agreement among adversaries reflects the reality that a decision maker with knowledge of the case and the defendant can benefit both sides. As *Curry* reasoned, "The construction urged by defendant would have petitions ruled on by judges who have no connection to, or memory of, the details of the underlying conviction." (*Curry, supra,* 1 Cal.App.5th at p. 1081.)

Sections 1170.18 and 1203.9 cannot be reconciled. In such a case, "later enactments supersede earlier ones [citation], and more specific provisions take precedence over" the more general. (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 310; see *State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 960.) On the question of venue, Proposition 47 is both more recent and more specific than the probation transfer statute. Section 1203.9, originally enacted in 1935, is a long-standing general statute addressing the transfer of probationary supervision. Although it confers "the entire jurisdiction over the case" to a receiving county (§ 1203.9, subd. (b)), the statute recognizes several exceptions to the receiving court's authority over the case. Section 1170.18, on the other hand, prescribes a particular procedure for resentencing of offenses after Proposition 47, and explicitly provides that petitions for relief should be filed "before the trial court that entered the judgment of conviction." (§ 1170.18, subd. (a).) This focused language controls over the more general provisions of section 1203.9. (Cf. *People v. Marks* (2015) 243 Cal.App.4th 331, 335 [affirming denial of a resentencing petition where the defendant filed a petition in Riverside County for resentencing of prior Los Angeles County convictions].)

*People v. Klockman* (1997) 59 Cal.App.4th 621, does not aid defendant. Klockman was placed on felony probation by the El Dorado County Superior

9

Court.  He subsequently pled guilty to two unrelated felony counts in Placer County.  That court, in addition to sentencing him on the Placer County charges, purported to revoke Klockman's El Dorado County probation and impose a prison term on that count.  (*Id.* at pp. 624-625.)  *Klockman* reversed, rejecting the Attorney General's argument that both counties had concurrent jurisdiction over the defendant's probation:  "Why, if concurrent jurisdiction over defendant's probation existed in both El Dorado and Placer Counties, would the detailed process for the transfer of jurisdiction delineated in section 1203.9 exist?  The answer is obvious:  Section 1203.9 provides the mechanism for transfer of jurisdiction because jurisdiction rests exclusively in the county in which probation is granted until it is transferred."  (*Id.* at p. 627.)

We agree with *Klockman* that the purpose of section 1203.9 was to eliminate the concurrent jurisdiction of two counties over a defendant's probation. Indeed, that statute was amended in 2009 to end the practice of informal "courtesy" supervision of probationers by a county " 'other than the county responsible for their supervision' " and to eliminate wasteful, duplicative supervision, or the chance that a probationer might be " 'entirely unsupervised by either the sentencing county or the county in which they reside.' " (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 431 (2009-2010 Reg. Sess.) as amended June 4, 2009, p. 2.)

It is true that section 1170.18, subdivision (a) does not use the term "jurisdiction" to describe the requirement for filing "before the trial court that entered the judgment of conviction."  Even so, the statute expressly states that a resentencing petition be filed there.  The statute provides for no exceptions.  It is also true that the electorate is presumptively aware of existing laws and their construction.  (*Gonzales, supra,* 2 Cal.5th at p. 869.)  Yet, it should also be remembered that "[t]he particularized meaning of words in complex, legislatively

10

enacted statutes has little bearing on the interpretation of words in an initiative, which we construe according to their ordinary meanings as understood by 'the average voter.' " (*Vandermost v. Bowen* (2012) 53 Cal.4th 421, 494.) The average voter would understand section 1170.18 to mean what it says, that the original sentencing court, or an assigned judge in that county, rule on a resentencing petition.

Defendant asserts that requiring the original sentencing court to rule on a resentencing petition would be antithetical to Proposition 47's goal of saving money because it would require the receiving court to transfer the case back to the sentencing court. The argument fails. Now that the proper court for filing has been clarified, a defendant seeking resentencing can confidently file a petition in the sentencing court. No transfer of the case will be required. To the extent that the original sentencing court and the parties may have more familiarity with a defendant's case or have more ready access to pertinent information from local sources, allowing that court to rule on a petition may be more cost-effective than requiring a receiving court do so.

Finally, we disagree with the Court of Appeal's reasoning that "a defendant seeking Proposition 47 relief may waive his right to be sentenced by a particular judge in a particular county, something he has done in this instance by filing his petition in Riverside Superior Court." (*Adelmann, supra,* 2 Cal.App.5th at p. 1194.) Section 1170.18 gives a defendant the right to petition for resentencing under Proposition 47. It does *not* grant a concurrent right to choose the venue for such a petition. Taken to its logical extreme, such a waiver theory would seem to allow a defendant to petition for resentencing in *any* California court, however untethered to the original county of conviction or defendant's county of residence.

11

In sum, we hold that, even in the case of a probationary transfer, the original sentencing court is the proper venue for a resentencing petition under section 1170.18.

### III.  DISPOSITION

The Court of Appeal's judgment is reversed.  Defendant remains free to file a section 1170.18 petition in the San Diego County Superior Court.

**CORRIGAN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**DUARTE, J.\***

\*      Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Adelmann

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 2 Cal.App.5th 1188
**Rehearing Granted**

_____

**Opinion No.** S237602
**Date Filed:** May 10, 2018

_____

**Court:** Superior
**County:** Riverside
**Judge:** Edward D. Webster*

_____

**Counsel:**

Michael A. Hestrin, District Attorney, Elaina Gambera Bentley, Assistant District Attorney, Kelli M. Catlett, Chief Deputy District Attorney, Emily R. Hanks, Ivy B. Fitzpatrick and Donald W. Ostertag, Deputy District Attorneys, for Plaintiff and Appellant.

Gene D. Vorobyov, under appointment by the Supreme Court, for Defendant and Respondent.

Laura Beth Arnold for The California Public Defenders Association and Law Offices of the Public Defender for the County of Riverside as Amici Curiae.

*Retired judge of the Riverside Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Donald W. Ostertag
Deputy District Attorney
3960 Orange Street
Riverside, CA  92501
(951) 955-0870

Gene D. Vorobyov
Law Office of Gene Vorobyvov
450 Taraval Street, #112
San Francisco, CA  94116
(415) 425-2693