Filed 8/18/20  P. v. Lorenzo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091195 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F00743) |
| v. | |
| ELISIO ATENIA LORENZO, | |
| Defendant and Appellant. | |

In September 2013, after the trial court denied his motion to suppress evidence, defendant pled no contest to possession of methamphetamine for sale and transportation of methamphetamine.

In October 2013, the trial court suspended imposition of sentence and placed defendant on formal probation for five years.

1

In December 2013, the trial court transferred the case to San Diego County, pursuant to Penal Code section 1203.9.**1**

Defendant fulfilled the conditions of probation, and in April 2019, the superior court in San Diego granted defendant's petition to set aside his conviction and enter a not guilty plea pursuant to section 1203.4.

In August 2019, defendant filed a motion in Sacramento County to reduce his convictions to misdemeanors pursuant to section 17, subdivision (b). The trial court denied the motion on the basis that it lacked jurisdiction because the case had been transferred to San Diego.

Defendant timely appealed without a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief, arguing: (1) the trial court should have granted his motion to reduce his felonies, pursuant to section 17, subdivision (b)(3); and (2) in the "alternative," we should grant "a writ of mandamus to vacate the conviction and compel the trial court to grant the motion to suppress" due to "a questionable pat down."

---

**1** Section 1203.9, subdivision (a)(1), provides in relevant part: "whenever a person is released on probation . . . the court, upon noticed motion, shall transfer the case to the superior court in any other county in which the person resides permanently . . . ."

Further undesignated statutory references are to the Penal Code.

2

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a motion brought pursuant to section 17, subdivision (b)(3) is an open question. Our Supreme Court has not spoken. The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of our Supreme Court's authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements, and defendant has filed a supplemental brief.

"When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, . . . it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b).)

But, because defendant's case was transferred to San Diego Superior Court while he was on probation, that court -- not the Sacramento County Superior Court -- had "the entire jurisdiction over the case," (§ 1203.9 subd. (b)) including jurisdiction to adjudicate defendant's section 17, subdivision (b)(3) motion.

The language of section 17, subdivision (b)(3) supports this conclusion, as it explicitly contemplates "application" by "defendant *or [a] probation officer*" to reduce a felony to a misdemeanor. (Italics added.) As defendant's probation was overseen and

3

completed in San Diego County, *only* the San Diego County Superior Court had jurisdiction to consider defendant's section 17, subdivision (b)(3) motion. (See *People v. Adelmann* (2018) 4 Cal.5th 1071, 1080 ["the purpose of section 1203.9 was to eliminate the concurrent jurisdiction of two counties over a defendant's probation"].)

We reject defendant's alternative argument that we convert this appeal into a writ proceeding so that defendant may renew a suppression motion that the trial court denied long ago. (Cf. *People v. Muhammad* (2003) 108 Cal.App.4th 313, 320 ["[W]e decline to convert this appeal into a writ proceeding at this point"]; *People v. Senior* (1995) 33 Cal.App.4th 531, 538 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"].)

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/s/_____<br>Robie, J.


We concur:


/s/_____
Raye, P. J.


/s/_____
Hull, J.

4