Filed 8/27/25  P. v. Salmon CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MURL GARDNER SALMON,<br><br>Defendant and Appellant. | F087996<br><br>(Super. Ct. No. DF017274A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Michael Caves, Judge.

Picone & DeFilippis and Steve M. DeFilippis for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill, Erin Doering, and Viktoriya Chebotarev, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

In 2009, Murl Gardner Salmon (appellant) pled no contest to reckless evasion (Veh. Code, § 2800.2, subd. (a)) in Santa Clara County Superior Court and admitted two prior strike convictions. He was sentenced to an indeterminate term of 25 years to life pursuant to the "Three Strikes" law. (Pen. Code, §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).)[1] In 2023, while serving the above sentence, appellant pled no contest to possession of drugs or alcohol in prison (§ 4573.8) in Kern County Superior Court and admitted a prior strike conviction. Pursuant to the negotiated plea agreement, appellant was sentenced to a consecutive determinate term of 32 months.

On appeal, appellant claims that in imposing sentence in the Kern County case, the trial court was also required to resentence him in the Santa Clara County case. He contends this rendered the Santa Clara County judgment nonfinal, entitling him to the ameliorative benefit of the new law pursuant to *In re Estrada* (1965) 63 Cal.2d 740. Specifically, he argues the court should have applied section 1170.126, the resentencing provision of the Three Strikes Reform Act of 2012 (Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)), which allows a person presently serving a third strike sentence to petition for resentencing if their committing offense was neither serious nor violent. (§ 1170.126, subd. (a).)

We conclude *Estrada* is inapplicable because the imposition of sentence in the Kern County case did not affect the finality of the Santa Clara County judgment. We also agree with the trial court that it was not the proper venue for resentencing proceedings under section 1170.126. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

**BACKGROUND**

In 2009, in Santa Clara County Superior Court, appellant pled no contest to reckless evasion (Veh. Code, § 2800.2, subd. (a)).[2] He also admitted he suffered two prior strike convictions for second degree robbery (§§ 212, 212.5, subd. (c)) in Santa Clara County in 2001. (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)).) Pursuant to the former Three Strikes law, appellant was sentenced to an indeterminate term of 25 years to life. (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).)

In 2023, while appellant was serving the Santa Clara County sentence in North Kern State Prison, the Kern County District Attorney's Office filed a complaint charging appellant with possession of a controlled substance in state prison. (§ 4573.6.) The People also alleged appellant suffered two prior strike convictions for second degree robbery in Santa Clara County. (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)

Appellant pled no contest to an amended charge of unauthorized possession of drugs or alcohol in state prison (§ 4573.8) and admitted one prior strike conviction allegation. In exchange, appellant agreed he would be sentenced to 32 months in state prison (the low term of 16 months, doubled for the prior strike), consecutive to the indeterminate term imposed for the 2009 conviction in Santa Clara County. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)

Appellant filed a sentencing memorandum claiming that under section 1170.1, subdivision (a) (hereinafter section 1170.1(a)), the trial court must also resentence him on the Santa Clara County case and "pronounce a new judgment providing just one aggregate term." He argued that because of this resentencing, judgment in the Santa

---

[2]    Appellant also pled guilty to misdemeanor driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and misdemeanor driving with a blood-alcohol content of 0.08 percent or greater (*id*., § 23152, subd. (b)).

Clara County case would become nonfinal for purposes of *Estrada*, entitling him to the ameliorative benefits of the Reform Act. Thus, he contended the court must apply the resentencing provision established by the Reform Act (§ 1170.126) and impose a second strike sentence. The People did not dispute the Santa Clara County sentence was subject to the Reform Act, but urged the court to find resentencing appellant would "pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

At the sentencing hearing, the trial court concluded section 1170.1(a) was inapplicable to appellant's sentences because he was sentenced to an indeterminate term in the Santa Clara County case. Turning to section 1170.126, the court explained that to be eligible for resentencing, a defendant must file a resentencing petition "within two years after the effective date of [the Reform Act] or at a later date upon a showing of good cause," and the petition must be heard by "the trial court that entered the judgment of conviction in his or her case." (§ 1170.126, subd. (b).) After observing appellant had not made a showing of good cause for filing a late petition, the court reasoned it did not "need to get there" because the petition was not before the trial court that imposed sentence on the Santa Clara County case. Consequently, the court ruled it lacked "jurisdiction" to conduct resentencing proceedings under section 1170.126, and declined to make "any substantive findings" on whether resentencing would pose an unreasonable risk of danger to public safety.

The court then sentenced appellant on the 2023 case to 32 months in state prison, to be served consecutively to the 2009 case, in accordance with the negotiated plea agreement.

**DISCUSSION**

**I.** **Sentencing in the Instant Matter Did Not Affect the Finality of the Judgment in the Santa Clara County Case. Accordingly, *Estrada* is Inapplicable, and the Trial Court Was Not Obligated to Resentence Appellant in Accordance with the Reform Act.**

Appellant was sentenced to a third strike sentence of 25 years to life in the Santa Clara County case in 2009, well before the Reform Act became effective in 2012. Under the revised penalty provisions of the Reform Act, many defendants with two or more prior strike convictions whose current offense is not a serious or violent felony are excepted from the 25-year-to-life sentence for third strike defendants. (See *People v. Conley* (2016) 63 Cal.4th 646, 652–653 (*Conley*).) For those defendants who are "presently serving an indeterminate term of imprisonment" under the previous version of the Three Strikes law, the Reform Act established a resentencing procedure that allows such defendants to petition for resentencing "before the trial court that entered the judgment of conviction in his or her case." (§ 1170.126, subds. (a) & (b).)

Appellant claims that under section 1170.1(a), when the trial court imposed sentence in the Kern County case, it also had to resentence him on the Santa Clara case and impose a single, "aggregate term of imprisonment for [both] convictions." He contends this purported resentencing rendered judgment in the Santa Clara County case nonfinal, triggering the retrospective application of section 1170.126 under *Estrada*. Thus, in appellant's view, the court was required to automatically apply section 1170.126 to the Santa Clara County judgment by virtue of his sentencing in the Kern County case.[3]

---

[3] There is no indication in the record on appeal that appellant previously filed a petition for resentencing pursuant to section 1170.126. However, our review of *People v. Salmon* (Oct. 24, 2016, H042341) [nonpub. opn.] reveals appellant filed such a petition in Santa Clara County in 2013. On this court's own motion, we take judicial notice of this unpublished opinion. (See Evid. Code §§ 452, subd. (d), 459; *People v. Hill* (1998) 17 Cal.4th 800, 847, fn. 9.) The opinion states the trial court held an evidentiary hearing

5.

Appellant's claim fails for two reasons.  First, section 1170.1(a), only applies to the imposition of multiple consecutive determinate terms.  Because appellant received an indeterminate sentence of 25 years to life in the Santa Clara County case, the judgment is not subject to section 1170.1(a).  Second, to the extent the imposition of sentence in the Kern County case had any effect on the Santa Clara County case, there is no basis to conclude the latter judgment was rendered nonfinal for *Estrada* purposes.[4]

## II.     Legal Background.

### A.     *The Three Strikes Reform Act.*

"Under the Three Strikes law as originally enacted … a defendant who had been convicted of … two or more prior serious or violent felonies (a third strike defendant) was to be sentenced to 'an indeterminate term of life imprisonment with a minimum term of' at least 25 years." (*Conley*, *supra*, 63 Cal.4th at p. 652.)  Effective in 2012, "[t]he Reform Act changed the sentence prescribed for a third strike defendant whose current offense is not a serious or violent felony." (*Ibid*.)  Now, such defendants are generally sentenced as second strike defendants and instead receive "twice the term otherwise provided as punishment for the current felony conviction." (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1); see *Conley*, *supra*, 63 Cal.4th at p. 653.)

---

to address whether resentencing appellant "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)  After considering the testimony of several witnesses, including appellant, the trial court denied the resentencing petition on this ground.  The denial was affirmed on appeal.

[4]     Because we conclude appellant's claim must be rejected on these grounds, we need not determine whether the *Estrada* retroactivity exception applies to the amended penalty provisions of the Reform Act or its resentencing provision. (See *Conley, supra,* 63 Cal.4th at pp. 661–662 [defendants with nonfinal judgments must seek resentencing pursuant to section 1170.126 and are not entitled to automatic resentencing under *Estrada*].)

The Reform Act also established a resentencing procedure for those "persons presently serving an indeterminate term of imprisonment" under the previous version of the Three Strikes law but could not have received such a sentence under the Reform Act's revised sentencing provisions. (§ 1170.126, subd. (a).) "[W]ithin two years after the effective date of the [Reform Act] or at a later date upon a showing of good cause," such persons may file a petition for recall of sentence "before the trial court that entered the judgment of conviction in his or her case." (*Id.*, subd. (b).) "If the petitioner would have qualified for a shorter sentence under the Reform Act … section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id.*, subd. (f)). In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court ... determines to be relevant.' (*Id.*, subd. (g).)" (*Conley*, *supra*, 63 Cal.4th at p. 653.)

**B.      *Sentencing under section 1170.1(a).***

"Section 1170.1, which was enacted as part of the [Determinate Sentencing Law (§ 1170 et seq.)], 'generally governs the calculation and imposition of a determinate sentence when a defendant has been convicted of more than one felony offense.' " (*People v. Sasser* (2015) 61 Cal.4th 1, 8–9.) Section 1170.1(a) sets forth the methodology for imposing "multiple consecutive determinate terms," irrespective of whether the terms arose from the same or different proceedings. (*In re Reeves* (2005) 35 Cal.4th 765, 773 (*Reeves*); see *People v. Sasser, supra,* at p. 8; *People v. Felix* (2000) 22 Cal.4th 651, 655 (*Felix*).) "[T]he aggregate term of imprisonment … shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements." (§ 1170.1, subd. (a).) "[T]he term with the longest sentence

is the 'principal term'; any term consecutive to the principal term is a 'subordinate term.' (§ 1170.1, subd. (a).)  The court imposes the full term, either lower, middle, or upper, for the principal term.  However, … the court imposes only 'one-third of the middle term' for subordinate terms.'  (*Ibid.*)"  (*Felix*, at p. 655.)

If a determinate term is imposed consecutive to a determinate term imposed previously in a different proceeding, the second sentencing court "must designate the longest single term as the principal term, which may displace a previously designated principal term."  (*In re Rodriguez* (2021) 66 Cal.App.5th 952, 961 (*Rodriguez*); see Cal. Rules of Court, rule 4.452(a).)  Thus, in this circumstance, "the second court is empowered to modify a sentence previously imposed by a different court and make it subordinate to the later-imposed term."  (*People v. Baker* (2002) 144 Cal.App.4th 1320, 1329.)  However, the second court cannot disturb the discretionary sentencing choices of the first sentencing court, such as "the decision to impose [the lower, middle, or upper term], making counts in prior cases concurrent with or consecutive to each other, or … striking the punishment for an enhancement."  (Cal. Rules of Court, rule 4.452(c); see *Reeves, supra,* 35 Cal.4th at p. 773; *Rodriguez,* at p. 960.)  "This limitation reflects, in part, the common law rule that a court loses jurisdiction to resentence a defendant once execution of the sentence has begun."  (*Rodriguez,* at p. 960.)

## III.  Section 1170.1(a) Is Inapplicable Because Appellant Was Sentenced to an Indeterminate Term of 25 Years to Life in the Santa Clara County Case.

By its plain language, section 1170.1(a), "specifically limits its application to consecutive terms imposed under 'Sections 669 *and 1170,*' " i.e., to consecutive *determinate* terms.  (*People v. McGahuey* (1981) 121 Cal.App.3d 524, 531–532; see *Felix, supra,* 22 Cal.4th at p. 656.)  Consecutive indeterminate terms are imposed under sections 669 and 1168, subdivision (b), and thus, are not subject to section 1170.1(a).

(*Felix,* at p. 656; *McGahuey*, at pp. 531–532.)  Rather, indeterminate sentences and determinate sentences must be "considered and calculated independently of one another" because they are subject to different sentencing schemes.   (*People v. Reyes* (1989) 212 Cal.App.3d 852, 856; see *People v. Neely* (2009) 176 Cal.App.4th 787, 797.)  "Once the court determines what sentence is to be imposed for the indeterminate term offenses and the determinate term offenses, it combines the two to reach an aggregate total sentence."  (*Neely*, *supra*, at p. 798.)

Here, appellant was sentenced to an indeterminate term in the Santa Clara County case, and a consecutive determinate term in the Kern County case.  Accordingly, section 1170.1(a) is inapplicable.  The trial court was only permitted to impose the determinate sentence in the Kern County case, then combine it with the indeterminate sentence in the Santa Clara County case to reach the aggregate term of imprisonment.  There was no need for the court to select principal or subordinate terms, nor any legal basis to otherwise modify the previously imposed third strike sentence in the Santa Clara County case.

## IV. Sentencing in the Kern County Case Did Not Affect the Finality of the Santa Clara County Judgment.

Having determined section 1170.1(a), is inapplicable to appellant's sentences, we now consider what impact, if any, sentencing in the Kern County case had on the finality of the judgment in the Santa Clara County case for purposes of *Estrada*.

### A. *Estrada only applies to nonfinal judgments.*

Under *Estrada*, we assume, absent evidence to the contrary, that an amendatory statute "mitigat[ing] the possible punishment for a class of persons" is "presumptively retroactive and applie[s] to all persons whose judgments [are] not yet final at the time the statute [takes] effect."  (*People v. Frahs* (2020) 9 Cal.5th 618, 624.)  In short, *Estrada,*

"stand[s] for the proposition that (i) in the absence of a contrary indication of legislative intent, (ii) legislation that ameliorates punishment (iii) applies to all cases that are not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 675.)

"The *Estrada* finality 'inquiry focuse[s] on whether the criminal prosecution or proceeding *as a whole* is complete.' " (*People v. Lopez* (2025) 17 Cal.5th 388, 395.) "[A] judgment becomes final ' "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed." ' " (*People v. Padilla* (2022) 13 Cal.5th 152, 162.) However, a final criminal judgment becomes nonfinal for *Estrada* purposes if sentence is subsequently vacated on collateral review, such as habeas corpus proceedings. (*Padilla*, at pp. 162–163.) When a sentence is vacated, the trial court regains the "jurisdiction and duty to consider" the appropriate punishment at resentencing, and the defendant regains the right to appeal the new sentence. (*Id.* at p. 162.)

## V. Sentencing in the Kern County Case Did Not Render the Santa Clara County Judgment Nonfinal.

Appellant contends that when the trial court announced the aggregate sentence, it necessarily modified the previously imposed sentence in Santa Clara County case and "creat[ed] a[n] entirely new sentence altogether." He relies on *People v. Phoenix,* where the defendant claimed that a trial court that imposes a consolidated sentence under section 1170.1(a) must calculate and award custody credits related to a previously imposed sentence in another county. (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1124 (*Phoenix*).) *Phoenix* agreed, concluding that the second trial court became the "sentencing court" for both cases, and the sentence from the other county was "replaced by the consecutive sentence imposed" by the second trial court. (*Id.* at p. 1126.) Because

section 2900.5, subdivision (d) requires the "sentencing court" to award custody credits, it was the "trial court's duty as the new sentencing court to calculate and award" such credits.  (*Phoenix*, at p. 1126.)

*Phoenix* is inapplicable here because, as we have explained, appellant's sentence is not subject to section 1170.1(a).  Moreover, *Phoenix* only considered which court constitutes the "sentencing court" for purposes of awarding custody credits under the applicable statute.  (*Phoenix, supra,* 231 Cal.App.4th at p. 1124.)  It had no occasion to address the crux of appellant's claim – whether the announcement of an aggregate sentence renders a previously imposed judgment nonfinal for purposes of *Estrada*.

The *Rodriguez* court concluded it does not.  There, in the first proceeding, the defendant was convicted of several felonies and sentenced to a determinate term, which included a one-year prior prison term enhancement (§ 667.5, subd. (b)).  (*Rodriguez, supra,* 66 Cal.App.5th at p. 958.)  In the second proceeding, which occurred after judgment in the first proceeding became final, the defendant was convicted of several additional determinate term felonies.  (*Ibid.*)  The trial court imposed a determinate term of imprisonment to run consecutively with the sentence imposed in the first proceeding. (*Ibid.*)  In accordance with section 1170.1(a), the court announced a single aggregate term encompassing both proceedings.  (*Rodriguez,* at p. 958.)

While appeal from the second proceeding was pending, the Legislature amended section 667.5, subdivision (b), to limit its application to certain sexually violent offenses. (Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1); *Rodriguez, supra,* 66 Cal.App.5th at p. 958.)  On habeas, the defendant argued the amendment applied retroactively to the first proceeding under *Estrada*, alleging his "aggregate sentence" was not final when the amendment went into effect.  (*Rodriguez*, at p. 957.)

*Rodriguez* disagreed, explaining that, "[c]rucially, the court announcing the aggregate term of imprisonment does not resentence the defendant in the generally understood manner, with authority to modify every aspect of the sentence." (*Rodriguez, supra,* 66 Cal.App.5th at p. 960.) Instead, it is limited by the discretionary sentencing choices of the first court and may only modify the prior judgment if necessary. (*Ibid.*) The lone exception to this rule is the designation of a new principal term, which may supplant a previously imposed principal term. (*Id.* at p. 961; see *People v. Bozeman* (1984) 152 Cal.App.3d 504, 507.) "Given these limitations, the announcement of an aggregate sentence does not reopen a prior judgment or render it nonfinal for purposes of the *Estrada* rule. The announcement of an aggregate sentence is not a mere continuation of a prior criminal proceeding. It is, instead, the result of a new proceeding, occasioned by the commission of an additional offense, which builds on the now-final determinations of a previous court." (*Rodriguez,* at p. 961, fn. omitted.)

Although *Rodriguez* involved the application of section 1170.1(a), its reasoning is applicable here. *Rodriguez* highlighted that under section 1170.1(a), the imposition of a consecutive determinate sentence has limited impact on a previously imposed determinate sentence. Here, the imposition of the determinate sentence in the Kern County case had even less effect on the previously imposed indeterminate sentence in the Santa Clara County case. As we have explained, an indeterminate sentence and a determinate sentence are subject to different sentencing schemes. There is no principal term and no subordinate terms, and thus, the term in one case does not affect the length of the term in the other case. Rather, the sentences must be considered and calculated separately, and do not interact until the sentencing court adds them together to form the aggregate term. Accordingly, the imposition of sentence in the Kern County case, and announcement of an aggregate term of imprisonment, did not result in vacatur of the

12.

Santa Clara County sentence, necessitate resentencing, or otherwise affect he finality of that judgment for *Estrada* purposes.

Appellant also relies on *People v Kimble,* which held that the trial court was not required to apply the ameliorative sentencing changes of the Reform Act to a defendant resentenced under section 1172.75.[5] (*People v. Kimble* (2024) 99 Cal.App.5th 746, 750–751, review granted Apr. 24, 2024, S284259.) But contrary to appellant's claim, *Kimble* did not hold that the trial court was required to determine at the section 1172.75 resentencing hearing whether the defendant was eligible for resentencing under section 1170.126. (*Kimble,* pp. 750–751.) *Kimble* merely concluded that section 1172.75 does not authorize the trial court to bypass the resentencing procedures set forth in section 1170.126. (*Kimble,* at pp. 750–751.) Regardless of its holding, *Kimble* is inapplicable here because appellant was not resentenced on the Santa Clara County case, let alone resentenced pursuant to section 1172.75.[6]

To conclude, appellant fails to show that the finality of the Santa Clara County judgment was affected by the sentencing proceedings in the Kern County case or the announcement of an aggregate term of imprisonment. Accordingly, insofar as the resentencing provisions of 1170.126 constitute an ameliorative benefit under *Estrada*,

---

[5] Section 1172.75 sets forth a procedure by which defendants who are serving a sentence with a now invalid prior prison term enhancement (§ 667.5, subd. (b)) are identified and recalled for resentencing.

[6] In support of this argument, appellant cites to section 1172.75, subdivision (d)(2), which provides that when a defendant is resentenced pursuant to this section, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." This subdivision has no relevance here because, as noted, appellant was not resentenced under section 1172.75.

appellant was not entitled to their retrospective application by virtue of his sentencing in the Kern County case, and we reject this claim.

**VI. The Kern County Superior Court Was Not the Proper Venue for Resentencing Proceedings under Section 1170.126.**

After rejecting appellant's claim that he was entitled to automatic resentencing under the Reform Act, the trial court appears to have construed appellant's sentencing memorandum to be a resentencing petition under section 1170.126. Assuming it did constitute such a resentencing petition, we agree with the trial court it was not filed in the correct court.

Section 1170.126, subdivision (b) specifies that resentencing proceedings must occur " 'before the trial court that entered the judgment of conviction in his or her case.' " In other words, the resentencing petition must be heard by the "initial sentencing judge." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1300, 1301 (*Kaulick*).) Nothing in the language of section 1170.126 authorizes a defendant to file a resentencing petition in the superior court of a different county. Because the third strike sentence was imposed by a judge in the Santa Clara County Superior Court, the Kern County Superior Court was not the proper venue for the resentencing petition.

Appellant contends he is not limited to petitioning for resentencing in Santa Clara County because the right to be heard by a particular judge can be waived. (See *Kaulick supra,* 215 Cal.App.4th at p. 1301.) Our Supreme Court rejected a similar argument in *People v. Adelmann*, which addressed the proper venue for filing a Proposition 47 resentencing petition (§ 1170.18). (*People v. Adelmann* (2018) 4 Cal.5th 1071 (*Adelmann*).) There, the defendant filed such a petition in a different county than he was originally sentenced. (*Id*. at p. 1074.) Section 1170.18 contains an identical venue provision to section 1170.126, providing that resentencing proceedings shall occur

14.

"before the trial court that entered the judgment of conviction." (§ 1170.18, subd. (a).) Nonetheless, the appellate court concluded the defendant had "waive[d] his right to be sentenced by a particular judge in a particular county" by filing the petition in another court. (*Adelmann*, *supra*, p. 1081.)

*Adelmann* reversed, concluding that section 1170.18, subdivision (a) "mean[s] what it says, that the original sentencing court, or an assigned judge in that county, rule on a resentencing petition." (*Adelmann, supra,* 4 Cal.5th at p. 1080.) Rejecting the appellate court's waiver theory, *Adelmann* explained: "Section 1170.18 gives a defendant the right to petition for resentencing under Proposition 47. It does *not* grant a concurrent right to choose the venue for such a petition. Taken to its logical extreme, such a waiver theory would seem to allow a defendant to petition for resentencing in *any* California court, however untethered to the original county of conviction." (*Id.* at p. 1081.)

*Adelmann's* reasoning is applicable here. Like section 1170.18, subdivision (a), section 1170.126, subdivision (b) plainly states that a resentencing petition must be heard by the initial sentencing judge.[7] Appellant cannot bypass this requirement by asserting waiver.[8] Thus, under *Adelmann*, appellant did not have the right to file a petition for resentencing in Kern County Superior Court.

---

[7] Where the initial sentencing judge is unavailable, section 1170.126, subdivision (j) provides that "the presiding judge shall designate another judge to rule on the defendant's petition."

"The presiding judge of the superior court has authority to 'distribute the business of the court among the judges.' (Gov. Code, § 69508; see Cal. Rules of Court, rule 10.603(b)(1)(B).) The presiding judge of one county does not customarily assign cases to judges in other jurisdictions." (*Adelmann, supra,* 4 Cal.5th at p. 1078.)

[8] We do not dispute that under certain circumstances, a defendant may properly waive the right to have a section 1170.126 resentencing petition heard by a specific judge. (See *Kaulick, supra,* 215 Cal.App.4th at p. 1301.) We only conclude that the

## <u>**DISPOSITION**</u>

The judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:

SNAUFFER, J.

FAIN, J.

---

ability to enter such a waiver does not permit a defendant to bypass section 1170.126, subdivision (b), and select the venue for resentencing proceedings.