Filed 12/16/25  P. v. Ramirez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B345873 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA413281-03) |
| v. | |
| JONATHAN RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Reversed and remanded.

Jennifer Peabody and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Blythe J. Leszkay and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Jonathan Ramirez (defendant) filed a petition, under Penal Code section 1203.4,[1] in Los Angeles County seeking dismissal of a 2014 felony conviction he suffered in Los Angeles County. The trial court denied the petition, reasoning that defendant should have filed his petition in San Diego County, where his probationary sentence was transferred and completed. This was error, so we reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND[2]

In 2014, defendant was convicted of two felonies in Los Angeles County, and granted probation. His probationary supervision was transferred to San Diego County in 2016, and he completed his probation there.

In 2024, defendant initiated efforts to dismiss his convictions under section 1203.4, which generally allows for dismissal upon successful completion of probation. Defendant filed a petition in Los Angeles County, but the court denied the petition without prejudice because, in its view, defendant should have filed the petition in San Diego County, where he completed probation.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] As the underlying facts are not in dispute and not relevant to the issues on appeal, we provide only a brief overview of the procedural background of defendant's conviction.

2

So defendant filed his petition in San Diego County, but the trial court denied the petition—ostensibly because the prosecutor's office opposed on the ground that Los Angeles County was "the proper venue" for defendant's petition.

Defendant re-filed his petition in Los Angeles County,[3] but the trial court on March 27, 2025 once again denied the petition "without prejudice" to being "re-filed" in San Diego County.

Defendant timely appealed.

## DISCUSSION

Defendant argues that the trial court in Los Angeles County erred in denying his petition. The People concede this was error, and we find this concession to be well-taken.

Section 1203.4 grants trial courts the authority to dismiss a conviction resulting in a probationary sentence if the defendant "has fulfilled the conditions of probation for the entire period of probation," if the defendant "has been discharged prior to the termination of the period of probation," or if the court otherwise determines dismissal is in "the interest of justice." (§ 1203.4, subd. (a)(1); *People v. Allen* (2019) 41 Cal.App.5th 312, 322-323.) Section 1203.4 does not specify where such petition for the relief it grants should be filed.

The confusion in this case arises because defendant was convicted and sentenced in Los Angeles County, but his probation was transferred to San Diego County—and he completed that probation in San Diego County. To be sure, section 1203.9— which governs transfers of probation from one county to another—states that, upon transfer, the new county "shall accept

---

[3]    By this time, one of defendant's two convictions had been vacated on other grounds, so he sought relief under section 1203.4 as to the sole remaining conviction.

3

the entire jurisdiction over the case" and, except for the determination in the amount of restitution, "shall have full jurisdiction over the matter upon transfer." (§ 1203.9, subds. (a)(3) & (b); Cal. Rules of Court, rule 4.530(g)(3).) But where, as here, probation has been completed and a defendant is seeking relief from the underlying conviction, venue lies in the county of conviction. This was the result reached in *People v. Hernandez* (2023) 93 Cal.App.5th 1, 7-9, which held that a defendant challenging his plea pursuant to section 1473.7 (for failure to include proper immigration advisements) should file his motion in the county of conviction—notwithstanding the transfer of probation pursuant to section 1203.9. *Hernandez* reasoned that section 1203.9's transfer of "full jurisdiction" was "intended to apply to all issues arising out of out-of-county supervision"—but not intended to "upend the original trial court's jurisdiction over nonprobation aspects of a conviction and sentence." (*Id.* at pp. 11-12.) This same logic applies here: The relief defendant seeks under section 1203.4 is directed at his underlying conviction rather than the implementation and oversight of his now-long-expired probation; venue lies in Los Angeles County as the county of conviction. (Accord, *People v. Adelmann* (2018) 4 Cal.5th 1071, 1074, 1078-1081 [a defendant must file a section 1170.18 petition to recall a sentence in the court in which he was sentenced, even if the case was transferred to another superior court under section 1203.9, because section 1170.18 specifies where venue lies and conflict between statutes must be resolved in favor of section 1170.18's more recently enacted and "focused language"].)[4]

---

[4] Because venue is proper in Los Angeles County, we need not address the People's alternative argument that venue is also

4

## DISPOSITION

The order denying defendant's petition is reversed and the matter is remanded for further proceedings.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.

HOFFSTADT

We concur:


_____, J.

BAKER


_____, J.

MOOR

---

proper in San Diego County pursuant to section 1203.425, which in any event addresses automatic conviction relief rather than a petition pursuant to section 1203.4.